UNITED STATES of America,
Plaintiff/Appellee,

v.

Ronald SCHROEDER,
Defendant/Appellant.

No. 89–1209.

United States Court of Appeals,
Tenth Circuit.

April 25, 1990.

James K. Bredar, Asst. Federal Public Defender (Michael G. Katz, Federal Public Defender, D. Colo., with him on the brief), Denver, Colo., for defendant-appellant.

Thomas M. O'Rourke, Asst. U.S. Atty. (Michael J. Norton, Acting U.S. Atty., with him on the brief), Denver, Colo., for plaintiff-appellee.

Before McKAY and EBEL, Circuit Judges, and WEST,* District Judge.

LEE R. WEST, District Judge.

Defendant was convicted of one count interstate communication of a threat to injure the person of another in violation of 18 U.S.C. § 875(c). Prior to the use of threatening language, the defendant sued the government in certain civil suits *pro se* for denial of employment preference under the Veterans Readjustment Act. Defendant had no success with these cases. At one point, defendant spoke to a William Pharo, Assistant United States Attorney, regarding his inability to obtain relief from the government. During the telephone conversation with Mr. Pharo, the defendant stated that it would be easy to get a gun and walk into a post office and start shooting. The defendant also stated that the government either gives the defendant money or people would get hurt. Finally, the defendant stated that the government will either pay in money or blood. Mr. Pharo related this information to the grand jury who indicted the defendant under Section 875(c). The defendant was adjudged guilty by a jury, and the court sentenced the defendant to eighteen months in custody and three years' supervised release. The court enhanced the defendant's sentence three levels pursuant to a finding that Mr. Pharo was an "official victim" under § 3A1.2, *Guidelines Manual,* which allows enhancing the sentence for victims with certain governmental status, including Assistant United States Attorneys.

The defendant assigns the following three errors. First, the defendant asserts that the District Court erred in not granting a continuance based on Defendant's incompetency due to sleep deprivation. Second, the defendant states that the evidence at trial was insufficient to convict the defendant of the crime charged. Third, the defendant states that the District Court erred in computing the offense level under the sentencing guidelines by adding three offense levels upon a finding that Mr. Pharo was an official victim.

For the reasons stated below, this Court AFFIRMS the trial court's denial of continuance on the sleep deprivation issue, and further AFFIRMS on the sufficiency of evidence to convict the defendant. This Court REVERSES on the computation of offense level, reducing the offense level by three and reducing defendant's sentence to twelve months.

## DISCUSSION

On the day of trial, defendant's attorney requested that the trial be continued on the basis that his client suffered from sleep deprivation. The court asked to hear an offer of proof, whereupon defendant's attorney stated that defendant Schroeder would testify that he was not thinking clearly and was not comfortable going to trial in a sleep-deprived state. The trial court explained that it had successive criminal cases each week of that month and that

---

* The Honorable Lee R. West, United States District Judge for the Western District of Oklahoma, sitting by designation.

in order for the trial to be carried over defendant Schroeder would have to waive his right to a speedy trial. Defendant Schroeder advised his counsel that he would not waive his right to speedy trial. After further discussion, the court, assuming the offer of proof to be true, nevertheless denied the request for delay. At that point, defendant's counsel asked the defendant if he would waive his right to a speedy trial, which defendant again refused. The Court concluded other preliminary matters and asked: "Is there anything else you need to put on the record, Mr. Bredar?" [Attorney for defendant.] To which counsel for defendant responded: "Thank you, Your Honor. I believe that covers everything that needed to be discussed prior to the time the jury comes up." Tr. Vol. III, p. 32.

■ Defendant now claims that the trial court erred in denying a continuance because the trial court failed to place the defendant on the stand to determine his state of awareness. This Court disagrees. Defendant's counsel had an opportunity to make a full and complete offer of proof regarding defendant's alleged incompetency and failed to do so. A trial court must hold a competency hearing if there is reasonable cause to believe that the defendant is impaired to the extent that he is unable to understand the nature and consequences of the proceedings and to assist properly in his defense. *United States v. Crews,* 781 F.2d 826, 833 (10th Cir.1986). In this case, the offer of proof did not state that defendant was unable to understand the nature of the proceedings, nor that the defendant was unable to assist in his defense. Instead, the offer of proof stated that defendant was not thinking clearly and did not feel comfortable going to trial in a sleep-deprived state. Defendant's counsel failed to make any other offer of proof notwithstanding the court's allowance for defendant's counsel to put anything else on the record. Accordingly, defendant waived his right to assign error where the error, if any, might have been avoided by a full and complete offer of proof by defendant. Further, the offer of proof which was presented to the trial court did not rise to the level

requiring the trial court to hold a competency hearing. Finally, the trial court could have well inferred from the defendant's twice refusal to waive a speedy trial that the defendant in fact understood the nature and consequence of the proceedings. Accordingly, the trial court did not commit error by refusing the defendant's request for a continuance under these circumstances.

■ Defendant's second assignment of error that the evidence at trial was insufficient to convict the defendant of the crime charged was not urged during oral argument. Nevertheless, this Court observes that the jury found the evidence to state a sufficiently definite threat to meet the requirements of the statute. Upon review of the record, we see no error in this finding by the jury.

■ Finally, the defendant states that the trial court erred in raising the level of offense from 10 to 13 by finding that Mr. Pharo was a victim under § 3A1.2 of the *Guidelines Manual.* The defendant requested the sentence be reduced from eighteen months to twelve months reflecting a level 10 offense. This Court agrees with defendant's position.

Nothing in the record indicates that Mr. Pharo received a threat directed towards his person. During oral argument, the government urged that the receiver of a threat should be deemed a victim whether or not the receiver was the object of the threat. This Court disagrees. In order to find an official victim for purposes of sentencing, this Court finds that the victim must be one who is the object of a threat under these facts. Therefore, this Court REVERSES the trial court's finding that Mr. Pharo was an official victim for purposes of sentencing.

Accordingly, this Court AFFIRMS the trial court's denial of continuance and AFFIRMS the sufficiency of evidence to convict the defendant. This Court REVERSES the finding that Mr. Pharo was an official victim, reducing defendant's sen-

tence from eighteen months to twelve months.