**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John Francis BAILEY, a/k/a John Franklin Bailey, Defendant–Appellant.**

**No. 91–3087
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 14, 1992.

---

Armando Garcia, Tallahassee, Fla., for defendant-appellant.

C. Richard Newsome, Asst. U.S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before EDMONDSON and COX, Circuit Judges, and GODBOLD, Senior Circuit Judge.

PER CURIAM:

Defendant Bailey was found guilty on three counts: Count One, assault with intent to rob a postmistress; Count Two, use of a firearm during the robbery; and Count Three, possession of a firearm by a convicted felon.

The district court relied upon U.S.S.G. § 3A1.2 (1991) to enhance defendant's sentence by three levels for commission of a crime upon an "official" victim. 18 U.S.C.A. § 1114 (West 1984 and Supp.1991)

includes Postal Service officers or employees in its definition of official victims. The court sentenced defendant to two concurrent 87 month sentences on Counts One and Three and to a five year sentence on Count Two running consecutive to those on Counts One and Three.

Defendant now appeals, challenging only the application of the official victim provision to enhance his offense level and sentence.

We must uphold Bailey's sentence unless it "was imposed as a result of an incorrect application of the sentencing guidelines." 18 U.S.C.A. § 3742(e)(2) (West 1985 and Supp.1991); *see also U.S. v. Crawford*, 906 F.2d 1531, 1536 (11th Cir.1990). We must accept the district court's findings of fact unless clearly erroneous and "give due deference to the district court's application of the guidelines to the facts." 18 U.S.C.A. § 3742(e). *See Crawford*, 906 F.2d at 1536.

The party seeking to invoke a sentence adjustment pursuant to a guidelines provision has the burden of proving that the provision applies. *U.S. v. Wilson*, 884 F.2d 1355, 1356 (11th Cir.1989). Therefore, the government has the burden of proving that § 3A1.2 applies.

The enhancement provision involved, U.S.S.G. § 3A1.2(a) states, *inter alia:*

*Official Victim*

If—

(a) the victim was ... an officer or employee included in 18 U.S.C. § 1114 ... and the offense of conviction was motivated by such status ... increase by 3 levels.

This language indicates that enhancement for an official victim is mandatory. Application Note 1 of the Commentary to § 3A1.2 instructs that enhancement should be invoked only in those cases in which "specified individuals are victims of the offense" rather than organizations, agencies, or the government in general. Application Note 4 defines "motivated by such status" as "the offense of conviction was motivated by the fact that the victim was a ... person covered under 18 U.S.C.

§ 1114...." The Note warns that enhancement should not be invoked in situations where the crime was motivated by a personal dispute between two employees of the same governmental agency.

As noted above, 18 U.S.C.A. § 1114 includes "officer or employee of the Postal Service" in its compendium of official victims.

Defendant contends that two factors must have been present to justify application of § 3A1.2 to enhance his sentence. First, the victim must have been an official within the scope of § 1114. Defendant concedes that the postmistress falls within the scope of the statute. Second, the offense must have been motivated by the official status of the victim. Defendant contends that the government has not met its burden of demonstrating that the armed robbery was motivated by the victim's status as a Postal Service employee.

At trial the government presented the following evidence. Defendant entered the Fountain, Florida post office and asked the postmistress for information regarding a Fountain resident. The postmistress was the only employee present. The postmistress gave some information to defendant and he left. He returned, again asking the postmistress about the Fountain resident. Unable to learn anything more about this resident, he then asked the postmistress for a $150 money order. As she was preparing the money order, defendant displayed his gun to her and demanded the money orders along with the money order validation machine, which she handed to him. Defendant did not demand any of the postmistress' personal belongings. Defendant forced the postmistress into the back room of the post office and used adhesive tape to bind her hands, feet, and mouth. While no direct evidence of defendant's motivation in selecting this particular victim was presented at trial, the record demonstrates that defendant robbed the postmistress because, as a postal employee, she was in possession of money orders and a money order validation machine.

The district court adopted the presentence report's factual findings and guidelines applications with the exception of several recommended adjustments unrelated to § 3A1.2. The presentence report summarily addressed the applicability of § 3A1.2 as follows:

¶ 19. Guideline 3A1.2 provides for an increase of 3 levels if the victim was an "official victim" as described in 18 USC 1114. Since the victim was a postal employee, 3 levels are added.

The court's computation of defendant's offense level indicates that it followed this recommendation.

At the sentencing hearing defendant objected to the recommended application of § 3A1.2 on the ground that the armed robbery was not motivated by the victim's official status. The court overruled the defendant's objection observing:

She's a postmistress.... He knew it and he came in and looked at the place. She was a public official. She was performing her public duty at the time and she got robbed.

Defendant continued to object, contending that he robbed this particular victim only because she was in possession of the money orders and money order validation machine and not because she was an official. The court responded that the victim was in possession of the money orders and machine at that time solely because of her official status as a Postal Service employee and that defendant's commission of an armed robbery upon her was a result of her official status. The court concluded that defendant's sentence should be enhanced three levels.

The court in *U.S. v. Sanchez*, 914 F.2d 1355, 1362–63 (9th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1626, 113 L.Ed.2d 723 (1991), a § 3A1.2 case, reasoned, just as the district court did here, that defendant was fully aware of the victim's official status and "that the assault was motivated by that knowledge." *Id.* In *U.S. v. Schroeder*, 902 F.2d 1469, 1471 (10th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 181, 112 L.Ed.2d 145 (1990), the court vacated a § 3A1.2 sentence enhancement on the ground that the official victim was merely the recipient rather than the object

of a criminal threat. While Bailey did not rob the postmistress of her personal belongings, the present case is clearly distinguishable from *Schroeder* insofar as defendant subjected the postmistress to having her hands, feet, and mouth bound.

The enhancement of defendant's sentence pursuant to § 3A1.2 was not clearly erroneous. 18 U.S.C.A. § 3742(f)(3).

AFFIRMED.