**UNITED STATES COURT OF APPEALS**
<u>**Filed 8/9/96**</u>
**FOR THE TENTH CIRCUIT**

———

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) No. 96-1124 |
| | ) (D.C. No. 89-CR-70-Z) |
| RONALD SCHROEDER, | ) (Dist. of Colo.) |
| | ) |
| Defendant-Appellant. | ) |

———

**ORDER AND JUDGMENT**[*]

———

Before **ANDERSON, BARRETT, and MURPHY**, Circuit Judges.

———

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. <u>See</u> Fed. R. App. P. 34(f); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Ronald Schroeder (Schroeder), appearing <u>pro</u> <u>se</u>, appeals from an order of the district court denying his "Motion to Reopen for Writ of Habeas Corpus." Schroeder filed his motion "in accordance

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

with 28 U.S.C.A. [§] 2241 est seq and request[ed] this Court to re-open [his] complaint for the purpose of hearing and granting" him habeas corpus relief. (R., Vol. 1, Tab 1 at 1).

On March 16, 1989, a federal grand jury in the District of Colorado returned an indictment charging Schroeder with transmitting a threat to injure another person in violation of 18 U.S.C. § 875(c). Schroeder proceeded to trial, was adjudged guilty by a jury, and sentenced to eighteen months imprisonment with three years supervised release. Schroeder's conviction was affirmed on appeal; however, his sentence was reduced to twelve months imprisonment followed by three years supervised release. United States v. Schroeder, 902 F.2d 1469 (10th Cir.), cert. denied, 498 U.S. 867 (1990).

Schroeder completed his sentence and supervised release on or about May 2, 1993. On January 23, 1996, Schroeder filed his "Motion to Reopen for Writ of Habeas Corpus" pursuant to § 2241, wherein he listed his new address as 2410 Ruth Fitzgerald Drive, Plainfield, Illinois 60544. (R., Vol. 1, Tab I at 7).

Within his motion, Schroeder alleged that he had been denied his constitutional right to a fair trial by the conduct of a juror. He alleged that Marq Warner (Warner), an attorney, was not qualified to serve on his jury panel in 1989 because Warner had then been charged with crimes leading to his subsequent disbarrment in 1994. He contended that Warner's inclusion on the jury panel

- 2 -

violated 28 U.S.C. § 1865.[1] Schroeder requested the court to re-open the complaint, set aside and reverse the guilty verdict and dismiss the complaint with prejudice.

On January 31, 1996, the district court entered an order denying Schroeder's motion. The district court found that: Schroeder had presented no evidence that Warner had a charge pending against him for the commission of, or had been convicted of, a crime punishable by imprisonment for more than one year at the time that the jury was impaneled; the evidence presented by Schroeder indicated only that Warner had been disbarred on May 2, 1994; Schroeder's challenge to Warner's qualifications made after the verdict was entered, without a showing of prejudice, was untimely; and Schroeder did "not clearly demonstrate[] that Mr. Warner's alleged lack of qualifications presented actual prejudice, or impacted the fairness of the trial." (R., Vol. 1, Tab 2 at 2).

On February 27, 1996, Schroeder filed a "Motion for Extension, Motion for Appointment of Counsel, or in the Alternative, Notice of

---

[1]Section 1865(b) provides, in part, that:

 In making such determination [for jury service] the chief judge . . . or such other district court judge as the plan may provide, shall deem any person qualified to serve on the grand and petit juries in the district court unless he-
        *         *         *
(5) has a charge pending against him for the commission of, or has been convicted in a State or Federal court of record of, a crime punishable by imprisonment for more that one year and his civil rights have not been restored.

Appeal." Within his motion, he requested that the court appoint an attorney to represent him "in this Writ for Habeas Corpus, or in the alternative . . . Defendant Schroeder files his notice of Appeal." (R., Vol. 1, Tab 3 at 4). On February 28, 1996, the district court entered a minute order denying Schroeder's motion for appointment of counsel and ordering "that the document filed on February 27, 1996, may be treated as a Notice of Appeal." (R., Vol. I, Tab 4).

On appeal, Schroeder contends that the district court erred in denying his motion without holding a hearing on misconduct by juror Warner and in denying his motion on the basis of § 1865(b). The government responds that Schroeder's appeal should be dismissed because "the district court lacked jurisdiction to consider his motion" and "[t]his court consequently lacks jurisdiction to consider this appeal." (Appellee's Brief at 7). We agree.

Federal courts are courts of limited jurisdiction, empowered to hear only those cases and controversies authorized and defined in the Constitution and Acts of Congress. Art. III, §§ 1 and 2, Constitution of the United States of America; <u>Bender v. Williamsport Area School Dist.</u>, 475 U.S. 534, 541 (1986); <u>Henry v. Office of Thrift Supervision</u>, 43 F.3d 507, 511 (1994). The determination of a district court's subject matter jurisdiction is a question of law which we review <u>de novo</u>. <u>Homeland Stores, Inc. v. Resolution Trust Corp.</u>, 17 F.3d 1269, 1272 (10th Cir.), <u>cert</u>.

denied, ___ U.S. ___ (1994).

A challenge to a court's jurisdiction may be raised at any time, even for the first time on appeal.  United States v. Bustillos, 31 F.3d 931, 933 (10th Cir. 1994).  When the court's jurisdiction is challenged, the plaintiff has the burden of proving that jurisdiction exists.  Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995).  However, a court must construe all relevant allegations in the light most favorable to the plaintiff.  Laguna Gatuna, Inc. v. Browner, 58 F.3d 564, 565 (10th Cir. 1995).

On January 23, 1996,  Schroeder filed his § 2241 "Motion to Reopen for Writ of Habeas Corpus" under § 2241  challenging his 1989 conviction.  His motion was filed more than two and one-half years after he had completed his sentence and supervised release and while he was residing at 2410 Ruth Fitzgerald Drive, Plainfield, Illinois 60554.  Habeas corpus relief, however, is not available to collaterally attack a federal sentence under which the defendant is not in custody at the time of initiating the petition.  Heflin v. United States, 358 U.S. 415, 418 (1959).  Bustillos, 31 F.3d at 933.

Inasmuch as Schroeder was not in custody at the time he filed his § 2241 motion, we hold that the district court was without jurisdiction to consider Schroeder's § 2241 motion.  Schroeder's appeal is, accordingly, **DISMISSED.**

Entered for the Court:


James E. Barrett,
Senior United States
Circuit Judge