**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 98-4191

GREGORY ALLEN STOVER,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
David A. Faber, District Judge.
(CR-97-69)

Submitted: September 29, 1998

Decided: October 23, 1998

Before MURNAGHAN, HAMILTON, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Edward H. Weis, First
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, Stephanie D.
Thacker, Assistant United States Attorney, Charleston, West Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gregory Allen Stover pleaded guilty to one count of mailing a threatening communication, see 18 U.S.C.§ 876 (1994), and received a sentence of sixty months imprisonment. Stover appeals his sentence, contending that the district court erred in finding that the adjustment for official victims applied, see U.S.S.G.§ 3A1.2,* and in finding that he had obstructed justice, see U.S.S.G.§ 3C1.1. We affirm.

In 1994, Stover was prosecuted in Kanawha County, West Virginia, on worthless check charges. He was sentenced in state court to one to ten years imprisonment. In January 1996, while serving this sentence, Stover mailed a hand-printed letter to the Kanawha County Prosecuting Attorney's Office. The letter stated:

> I am having two of your assistant prosecutors followed each day the ones that helped put me where I am today wait and see them get beat very badely [sic] I promise you.
>
> The first time it was on me this time it's on you all. Mark my words.

Stover's name and return address were on the envelope. His hand-printed signature appeared on the letter. Two agents from the Federal Bureau of Investigation (FBI) met with Stover in person in February 1996 and warned him against making such threats. In March 1996, the FBI subpoenaed handwriting exemplars from Stover, but he refused to provide them. In April 1996, Stover sent a second threatening letter to the prosecutor's office, again with a printed signature. The letter read:

_____

*U.S. Sentencing Guidelines Manual (1997).

2

> Don't be scared now I no [sic] were [sic] you live whore
> you will be beaten in time trust me.

In November 1996, Stover provided handwriting exemplars to a federal grand jury. In April 1997, handwriting analysis showed that Stover wrote both threatening letters. In May 1997, Stover was charged with two counts of mailing threatening communications. His trial was scheduled for August. In July 1997, the Kanawha County Prosecuting Attorney's Office received a third hand-printed letter which stated:

> You got the wrong man I told Greg I would get even and
> I did don't you think so I will still get you whore.

The hand-printed signature read "Mr. Morris." The return address was "Mr. Morris," at the same prison where Stover was confined. The handwriting in this letter was similar to Stover's but could not be identified conclusively as his. However, his fingerprint was on the letter. Stover subsequently pled guilty to mailing the January 1996 letter. After Stover's guilty plea, the Kanawha County Prosecuting Attorney's Office received two more letters from Stover in which he made threats to specific named persons in the prosecutor's office, as well as two people in the county probation office.

Guidelines § 3A1.2(a) requires a three-level upward adjustment if "the victim was a government officer or employee . . . and the offense of conviction was motivated by such status." U.S.S.G. § 3A1.2 (1997). At sentencing, Stover argued that the January 1996 letter was directed to the government generally, not to any specific person, and thus the official victim adjustment should not apply. See U.S.S.G. § 3A1.2 (n.1) (adjustment applies only when specific individuals are victims, not when victim is an organization, agency, or the government); United States v. Schroeder, 902 F.2d 1469, 1471 (10th Cir. 1990) (threats to the government and unspecified people who work for the government do not trigger the adjustment).

The district court determined that the January 1996 letter was focused on the two assistant prosecutors who had prosecuted Stover with sufficient particularity to make the adjustment applicable. The court relied on United States v. Polk, 118 F.3d 286, 297-98 & n.10

3

(5th Cir.), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3355 (U.S. Nov. 17, 1997) (No. 97-6437), which held that the intended victims need not be identified by name. In that case, evidence that the defendant intended to kill or injure federal employees at the Internal Revenue Service Center in Austin, Texas, was enough to trigger the adjustment.

Stover argues on appeal that Polk was wrongly decided and that, in this case, too, the district court failed to comply with the commentary to Guidelines § 3A1.2, thus committing a legal error which we should review de novo. U.S.S.G. § 1B1.1. We find, rather, that the district court made a factual finding that the January 1996 letter contained a threat to two specific, identifiable people--the two prosecutors who had put him in prison on the worthless check conviction. Factual findings relating to sentencing are reviewed for clear error. See United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir. 1989).

Guidelines § 3C1.1 directs that a two-level upward adjustment be made "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1 (1997). The commentary provides a non-exhaustive list of types of conduct to which the adjustment applies as well as examples of conduct to which the adjustment does not apply.

At sentencing, Stover argued that the July 1997 letter did not impede the investigation of the offense and thus could not support an adjustment for obstruction of justice under Guidelines § 3C1.1. See U.S.S.G. § 3C1.1, comment. (n.3(g)) (False statements to law enforcement officers, not made under oath, do not trigger the adjustment unless the false statements significantly obstructed or impeded the investigation or prosecution of the offense.). He also maintained that, because the "Mr. Morris" letter was not produced during a judicial proceeding and arguably would not have been admissible at trial, the adjustment could not be justified under Application Note 3(c) (producing or attempting to produce a false, altered, or counterfeit document or record during an official investigation or judicial proceeding). The government countered that the adjustment applied under Application Note 3(c) because Stover produced a false docu-

4

ment in an attempt to deflect prosecution or to provide a defense at trial. See U.S.S.G. § 3C1.1, comment. (n.3(c)).

The district court agreed with the government that Stover's July 1997 letter attributing his previous threats to "Mr. Morris" was at least analogous to the production of a false or counterfeit document during an official proceeding. The district court reasoned that the letter from "Mr. Morris" was an attempt to convince the victims of the January and April 1996 threats that Stover had not sent those letters. Thus, the letters constituted an attempt to obstruct or impede his prosecution. Because attempts to obstruct justice are encompassed by the guideline, the court found that the adjustment should be applied.

We find that, although Stover's "Mr. Morris" letter may not fit neatly into any of the categories set out in Application Note 3's non-exhaustive list of conduct to which the adjustment applies, it was undoubtedly an attempt to obstruct or impede his prosecution. The plain language of the guideline provides that attempts to obstruct justice are a basis for the adjustment. See United States v. Self, 132 F.3d 1039, 1041 (4th Cir. 1997). Therefore, the district court did not clearly err in finding that the adjustment applied here.

The sentence is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5