# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2039

_____

United States of America,             *
                                      *
                   Appellee,          *
                                      *   Appeal from the United States
         v.                           *   District Court for the
                                      *   Western District of Missouri.
Odell Hampton, Jr.,                   *
                                      *
                   Appellant.         *

_____

Submitted:   September 10, 2003

Filed:   October 10, 2003

_____

Before LOKEN, Chief Judge, HEANEY and RICHARD S. ARNOLD, Circuit
        Judges.

_____

HEANEY, Circuit Judge.

       This is an appeal from the district court's application of the United States
Sentencing Guidelines. Odell Hampton, Jr., pled guilty to one count of being a felon
in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The
district court applied a three-level enhancement pursuant to United States Sentencing
Guideline § 3A1.2, resulting in a sentencing range of 100-125 months. The district
court sentenced Hampton to 120 months imprisonment, the statutory maximum for

his offense. Because the § 3A1.2 enhancement was not supported by record evidence, we reverse and remand for resentencing.

On June 15, 2002, Odell Hampton, Jr. and Ronald Williams were seen by Kansas City, Missouri police officers sitting in a vehicle outside the police station. Because Hampton, the driver, and Williams remained stopped for a long period of time, the officers became suspicious. An inspection of the vehicle's license plates revealed that they were registered to a different vehicle, so officers approached the vehicle. Hampton then tried to elude the police, leading them on an extended chase during which he drove in excess of ninety miles per hour. Eventually, an officer placed "stop sticks"–something apparently designed to incapacitate a moving vehicle–on the roadway in front of Hampton's vehicle. Hampton lost control of his vehicle, which struck and seriously injured a Kansas City police officer before crashing into a utility pole. After Hampton was removed from the vehicle, police recovered a handgun and other contraband.[1]

Hampton was indicted in district court for being a felon in possession of a firearm. He pled guilty as charged, without the benefit of a plea agreement. Due to the injury sustained by the police officer during the car chase, the district court enhanced Hampton's sentence pursuant to United States Sentencing Guideline § 3A1.2.

We review de novo a district court's application of the Sentencing Guidelines. United States v. Smotherman, 285 F.3d 1115, 1116 (8th Cir. 2002). Section 3A1.2 mandates that the district court should increase a defendant's offense level by three levels if, inter alia, "in a manner creating a substantial risk of serious bodily injury, the defendant . . . knowing or having reasonable cause to believe that a person was

_____

[1]This contraband included marijuana, crack cocaine, and other unidentified substances that are the subject of state charges pending against Hampton.

a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom." USSG § 3A1.2(b)(1). Related commentary specifies that this portion of the guideline is meant to apply "in circumstances tantamount to aggravated assault." USSG § 3A1.2, comment. (n.4(a)).

The government presented no evidence to support the enhancement except the presentence investigation report (PSR) prepared by the probation office. The PSR indicates that Hampton hit the officer *after* he lost control of his vehicle. We cannot conclude from this evidence that Hampton intended to hit anyone, let alone a law enforcement officer. Moreover, we disagree with the district court that the enhancement should apply because the crash was a foreseeable consequence of the high-speed chase. Rather, the government must prove that 1) the defendant engaged in action akin to aggravated assault, and 2) the defendant had reason to believe the intended and actual victim was a law enforcement officer. USSG § 3A1.2(b)(1); accord United States v. Castillo, 924 F.2d 1227, 1236 (2d Cir. 1991) (holding that an enhancement under § 3A1.2 cannot apply absent evidence that defendant knew or had reasonable cause to believe victim was a law enforcement officer). In this case, the meager evidence presented by the government actually points to the opposite conclusion since Hampton's vehicle was out of his control when it struck the officer.

Hampton clearly engaged in reckless conduct that created a substantial risk of harm to others. Section 3A1.2, however, does not apply where the defendant engages in reckless behavior. Thus, while an enhancement may have been appropriate under another section of the Guidelines, see USSG § 3C1.2 ("If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels."), the government has simply not shown that a three level enhancement under § 3A1.2 was appropriate. Accordingly, we reverse that enhancement and remand for resentencing.

_____