[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 5, 2005
THOMAS K. KAHN
CLERK

No.  03-11060

D.C. Docket No. 02-00116-CR-CG

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GERALD EUGENE BENNETT,

                                        Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Alabama

(May 5, 2005)

**ON  REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before MARCUS and WILSON, Circuit  Judges, and DUPLANTIER[*], District
Judge.

_____

[*]Honorable Adrian G. Duplantier, United States District Judge for the Eastern District of
Louisiana, sitting by designation.

PER CURIAM:

On direct appeal this court affirmed Eugene Bennett's convictions and sentence. *United States v. Bennett*, 368 F.3d 1343 (11th Cir. 2005). The Supreme Court vacated that judgment, remanding the case "for further consideration in light of *Booker v. United States*, 543 U.S. ___ (2005)."

In his initial brief, Bennett urged that in sentencing him the district court erred in the following respects:

- calculating the drug quantity, and resulting offense level, by relying on the testimony of an unqualified expert witness and determining that the methamphetamine involved in Bennett's dealing with Timothy Brown constituted relevant conduct under U.S.S.G. § 1B1.3;
- enhancing the offense level by two levels for obstruction of justice pursuant to U.S.C.G. §3C1.1;
- enhancing the offense level by three levels after determining that there were five or more participants in the offense conduct; and
- enhancing the offense level based upon the official status of Deputy Cuthkelvin.

Bennett did not raise any constitutional challenge to his sentence, nor did he assert error premised on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or any other case extending or applying the *Apprendi* principle. Counsel

2

for Bennett  untimely raised an issue pursuant to *Blakely v. Washington*,  542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) in a motion to supplement his petition for rehearing which was received by the Clerk's Office on the same date that rehearing was denied.  Thereafter, counsel for Bennett  filed a supplemental authority letter in which, relying on the Seventh Circuit's opinion in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004),  he urged that *Blakely* "does apply to the Federal Sentencing Guidelines, and that it was plain error for the district court to enhance Bennett's sentence. . . ." Those  notifications were untimely and do not "cure" Bennett's failure to assert a constitutional challenge to his sentence in his initial brief.  *See United States v. Njau*, 386 F.3d 1039,  1042 (11th Cir. 2004).

In *United State v. Ardley*, 242 F.3d 989 (11th Cir.), *cert. denied*, ___ U.S. ___ , 121 S.Ct. 2621, ___ L.Ed.2d ___  (2001),  in addressing a remand from the Supreme Court with instructions to reconsider the opinion in light of *Apprendi*, the court noted:

> [n]othing in the *Apprendi* opinion requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us.  Nor is there anything in the Supreme Court's remand order, which is cast in the usual language, requiring that we treat the case as through the *Apprendi* issue had been timely raised in this Court.  In the absence of any requirement to the contrary in either *Apprendi* or in the order remanding this case to us, we apply our well-established rule that issues and contentions not

3

timely raised in the briefs are deemed abandoned.

*Id*. at 990 (citations omitted), *see also United States v. Nealy,* 232 F.3d 825, 830 (11th Cir. 2000)("Defendant abandoned the [*Apprendi*] indictment issue by not raising the issue in his initial brief."). That reasoning applies equally here, where there is an untimely challenge based on *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *United States v. Dockery,* 401 F.3d 1261, 1262 (11th Cir. 2005).

Accordingly, we reinstate our previous opinion in this case and affirm, once again, Bennett's sentence after our reconsideration in light of *Booker*, pursuant to the Supreme Court's mandate.

**OPINION REINSTATED; SENTENCE AFFIRMED.**