[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12011
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 11, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:10-cr-00010-VMC-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AARON CAINION,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 11, 2012)

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM.

Aaron Cainion appeals his convictions and sentences for drug and firearm-

related offenses. After a thorough review of the record, we affirm.

Cainion was charged with (1) possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 1); (2) possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 2); and (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), (Count 3). During jury selection, Cainion objected to three potential jurors. First, Cainion moved to strike juror Linda Richards for cause after Richards stated that she thought it would be hard for her to sit through a trial if the defendant did not testify. Second, Cainion moved to strike juror Patrick Ricketts for cause after Ricketts stated that he assumed the defendant had done something wrong and was guilty until proven innocent. After the court denied the motions to strike, Cainion used his peremptory strikes to remove Richards and Ricketts. The third juror, Joe Forker, worked as a laboratory technician and had testified in other cases about drug-screening results. Cainion's motion to strike Forker was denied, and Cainion had no more peremptory challenges. Forker was placed on the jury as an alternate, but later replaced another juror.

The evidence at trial established that Cainion was driving at speeds reaching 100 miles-per-hour through Tampa when he struck multiple vehicles, including a police car. Although the officer attempted to move out of Cainion's way, Cainion

tracked the police car and struck it. Police eventually stopped Cainion and, during a search of the car police found cocaine. They also discovered a firearm and ammunition under a bag on the floor. Cainion waived his rights and admitted to police the drugs were his. The government submitted videos of the chase.

Cainion testified in his own defense, stating that he had been drinking and did not know the gun and ammunition were in the car. He denied telling police that the cocaine was his, and he denied striking any cars while driving at high speed. He asserted that the video tape was doctored. The jury convicted Cainion of all three charges.

Before sentencing, Cainion moved for a competency hearing, which the court granted. The psychologist testified that Cainion experienced depression, hallucinations, and paranoia, and, although he appeared to understand the adversarial nature of the legal system, his paranoia probably limited his ability to assist in his defense. At the hearing, Cainion argued that he was not incompetent but that he had a problem with his attorney. The psychologist stated that Cainion believed that the government and his attorney were conspiring against him and that appointing new counsel might alleviate concerns about his ability to assist in his defense. The magistrate judge concluded that Cainion understood the legal

3

system and the charges against him, found Cainion competent, and appointed new counsel.

The probation officer calculated the advisory guidelines range based on 886.7 grams of cocaine, which resulted in a base offense level of 26 under U.S.S.G. § 2D1.1(c)(7). The probation officer added a 6-level enhancement under § 3A1.2(c)(1) because Cainion's conduct created a substantial risk of serious bodily injury to law enforcement, a 2-level enhancement under § 3C1.2 because he recklessly created a substantial risk of death or serious bodily injury when he fled and struck a civilian's car, and a 2-level enhancement for obstruction of justice under § 3C1.1. Cainion's advisory guidelines range was 235 to 293 months' imprisonment for Counts 1 and 3, and there was a mandatory consecutive 60-month sentence for Count 2, the § 924(c) offense.

Cainion objected to the enhancements under § 3A1.2 and 3C1.2 as double-counting and he argued that neither enhancement applied to his conduct. The district court overruled the objections, finding that the evidence showed that Cainion knew he struck a marked police car and did so intentionally. The court further found that Cainion's high speed chase was reckless endangerment during flight, and, because it put both law enforcement and civilians at risk, both enhancements were proper. The court sentenced Cainion to 260 months for

possession of the drugs and firearm, and a consecutive 60 months for the possession of a firearm in furtherance of a drug-trafficking crime, for a total of 320 months' imprisonment.

Cainion now appeals, raising three issues: (1) the district court erred when it denied his motion to strike two jurors for cause; (2) the magistrate judge erred when it found him competent; and (3) the court erroneously calculated his sentencing range. We address each in turn.

I.

The United States Constitution protects the right of a criminal defendant to be tried "by an impartial jury. . . ." U.S. Const. Amend. VI. A district court has great discretion to determine whether to excuse a prospective juror for cause. *United States v. Flores*, 572 F.3d 1254, 1261 (11th Cir. 2009). We review the district court's decision on such a question deferentially, determining whether the record contains "fair support" for the district court's conclusion that the juror would be impartial. *United States v. Dickerson*, 248 F.3d 1036, 1045 (11th Cir. 2001).

The Federal Rules of Criminal Procedure provide that a defendant in a non-capital felony case is entitled to ten peremptory challenges. Fed. R. Crim. P. 24(b)(2). When a defendant uses a peremptory challenge to remove a juror who

should have been excused for cause, his right to exercise peremptory challenges under Rule 24(b) is not denied or impaired. *United States v. Martinez-Salazar*, 528 U.S. 304, 317 (2000). Indeed, if a defendant cures a court's error in this way, he has not been deprived of any rule-based or constitutional right. *Id.* at 307.

Here, even if the court erred by denying Cainion's motion to strike Richards and Ricketts for cause, his use of two peremptory challenges to remove these two jurors cured the error.[1]

## II.

Cainion next challenges the magistrate judge's finding that he was competent to proceed to sentencing. The government argues that Cainion waived his argument because he failed to object below. In response, Cainion argues that, under *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B 1982),[2] he may raise this issue because the magistrate judge did not notify him that his failure to file objections would result in a waiver of his right to further review.

A magistrate judge has the authority to "hear and determine any pretrial matter pending before the court," with a limited number of exceptions. *See* 28

---

[1] Cainion has abandoned any argument that the court erred by denying his motion with respect to juror Forker. *United States v. Pilati*, 627 F.3d 1360, 1364 (11th Cir. 2010).

[2] In *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982), we adopted as binding precedent all Fifth Circuit Unit B decisions from any date.

U.S.C. § 636(b)(1)(A). In criminal proceedings, if the magistrate judge issues an order on a non-dispositive matter, a "party may serve and file objections to the order within 14 days after being served with a copy of a written order" so that the district court can review and modify it if necessary. Fed. R. Crim. P. 59(a). "Failure to object in accordance with this rule *waives a party's right* to review." *Id.* (emphasis added).

More recently, we reiterated that the "law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates." *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009) (quotation omitted). Addressing a challenge to a magistrate judge's order that was not first appealed to the district court, we held that we were without jurisdiction to review the order. *See id.* at 1359-62. Because Cainion failed to object to the magistrate judge's order, we will not consider his claim.

III.

Cainion challenges the calculation of his sentencing range on two grounds. First, he argues that the enhancement under U.S.S.G. § 3A1.2(c)(1) was not warranted. Second, he contends that the application of both § 3A1.2 and § 3C1.2 constitutes impermissible double-counting.

We review a district court's application of the guidelines to the facts *de novo*. *United States v. Lamons*, 532 F.3d 1251, 1268 (11th Cir. 2008). We also review allegations of impermissible double-counting *de novo*. *United States v. Ramirez*, 426 F.3d 1344, 1355 (11th Cir. 2005). We review a district court's factual findings for clear error. *Id.*

Under U.S.S.G. § 3A1.2(c)(1), a district court should enhance a defendant's offense level by six levels "[i]f, in a manner creating a substantial risk of serious bodily injury, the defendant . . . knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom." U.S.S.G. § 3A1.2(c)(1). This section applies only to "assaultive conduct against such official victims that is sufficiently serious to create at least a 'substantial risk of serious bodily injury.'" *Id.* § 3A1.2, comment. (n.4). When we have considered the applicability of § 3A1.2, we have focused on whether the defendant knew the victim was a law enforcement officer. *United States v. Park*, 988 F.3d 107, 110 (11th Cir. 1993); *United States v. Bailey*, 961 F.2d 180, 182–83 (11th Cir. 1992).

Under U.S.S.G. § 3C1.2, a two-level increase is appropriate if the defendant "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." *Id.* § 3C1.2. This

8

section does not apply "where the offense guideline in Chapter Two, or another adjustment in Chapter Three, results in an equivalent or greater increase in offense level *solely on the basis of the same conduct*." *Id.* § 3C1.2, comment. (n.1) (emphasis added). Double-counting occurs when a district court applies one part of the guidelines to increase a defendant's punishment on account of a kind of harm that was already fully accounted for by the application of another part of the guidelines. *United States v. White*, 663 F.3d 1207, 1217 (11th Cir. 2011). Cainion does not challenge the application of § 3C1.2 except insofar as he contends that, coupled with § 3A1.2, it constitutes impermissible double-counting.

We have stated that a defendant's challenge to the application of both U.S.S.G. §§ 3A1.2 and 3C1.2 was meritless when, while speeding away from law enforcement officers, the defendant struck a law enforcement officer with a vehicle, then continued to recklessly operate that vehicle while fleeing. *United States v. Matos-Rodriguez*, 188 F.3d 1300, 1304 (11th Cir. 1999). We reasoned that the defendant's assault of the law enforcement officer was temporally and spatially distinct from his reckless conduct in leading law enforcement officers on a high-speed chase. *Id.* at 1312.

Neither of Cainion's contentions on appeal have merit. First, undisputed portions of the PSI and information at sentencing showed that Cainion (1) drove

9

his vehicle at excessive speeds, hitting a marked law enforcement vehicle while an officer was still inside, and (2) knew or had reason to know that the victim was a law enforcement officer. Thus, the central question is whether this constituted an "assault," i.e., whether Cainion intentionally struck the law enforcement vehicle. The officer testified that he had attempted to avoid Cainion, who continued to track the car before striking it. Although Cainion contends that the video shows that he lost control of his vehicle before hitting the marked law enforcement vehicle, the video does not conclusively do so.

Cainion's reliance on *United States v. Hampton*, 346 F.3d 813, 815 (8th Cir. 2003), is misplaced. In *Hampton*, the Eighth Circuit concluded that § 3A1.2 did not apply when the defendant lost control of his vehicle after running over "stop sticks" placed in the road by police. In Cainion's case, however, Cainion intentionally struck the officer's vehicle and continued to drive at high speeds until stopped by police. Thus, the record supports the district court's finding that Cainion acted intentionally, which in turn shows that the court properly applied § 3A1.2.

Second, the district court did not engage in impermissible double-counting here. In addition to striking the law enforcement officer's vehicle, Cainion drove recklessly for several miles at high speeds, endangered others, and striking a

civilian vehicle.  Thus, the district court appropriately applied both enhancements. Although both were imposed as a result of his reckless driving, Cainion's assault of the police vehicle and his reckless driving generally were temporally and spatially distinct from each other.  His conduct "did not occur in a small area of only 'two or three car lengths,' or in a brief expanse of time." *Matos-Rodriguez*, 188 F.3d at 1312.  Thus, the §§ 3A1.2 and 3C1.2 enhancements were not based solely on the same conduct, and there was no improper double-counting.  U.S.S.G. § 3C1.2, comment. (n.1).

Because Cainion has failed to demonstrate any error, we affirm his convictions and sentences.

**AFFIRMED.**