[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10577
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00342-WBH-GGB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERRY SANDERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 29, 2016)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

This is a bank robbery case.  On September 19, 2012, Gerry Sanders entered the Citizens Trust Bank in Decatur, Georgia.  Pointing at the teller what appeared to be a silver pistol, Sanders demanded all the $100 bills the teller had.  When the bank security guard drew his weapon and shouted "freeze," Sanders turned the pistol on the guard and made a run for the door. The security guard fired several shots. One of the bullets, or shrapnel from the bullet, grazed a teller.  Another bullet struck Sanders in the knee, and the guard subdued him.  The pistol Sanders appeared to be carrying turned out to be a toy gun.

Sanders was indicted for attempted bank robbery, in violation of 18 U.S.C. § 2113(a) and (d).  At his arraignment, a magistrate judge appointed counsel for Sanders, who was indigent.  A month later, the attorney requested a hearing on Sander's competency to stand trial.  He represented that Sanders was uncooperative, referring to counsel as the Devil, maintaining that Jesus was his attorney, and communicating primarily with religious phrases and quotations.  The magistrate judge counsel's granted the request and ordered Sanders examined.

Sanders was examined by three doctors.[1] All submitted their reports.  The magistrate judge thereafter held an evidentiary hearing on Sanders's competency. One of the three doctors, Dr. Buigas, testified.  The magistrate judge found Sanders competent to stand trial---that he was malingering symptoms of mental illness and

---

[1]  They were Drs. Matthew Norman, Michael Hilton and Rodolfo Buigas.

that his refusal to participate in his own defense was a deliberate attempt to avoid a trial. Sanders objected to the competency findings, and the magistrate judge overruled it. Prior to the date set for Sanders's trial, his attorney renewed his objection, this time before the district court. The court overruled it.

A jury subsequently found Sanders guilty as charged, and the district court sentenced him to a prison term of 175 months. Sanders now appeals both his conviction and sentence. He seeks a new trial on the ground that the district court erred in finding that he was malingering symptoms of mental illness and was competent to stand trial. He challenges his sentence on three grounds: the district court erred in (1) enhancing (under the Sentencing Guidelines) the base offense level of his offence by two levels for obstruction of justice because of his malingering; (2) imposing a seven-level firearm-discharge enhancement, because he did not discharge a firearm himself, but only induced a security guard to discharge his firearm; and (3) imposing a substantively unreasonable sentence in light of the 18 U.S.C. § 3553(a) sentencing factors. We first consider Sanders's argument that the court erred in finding him competent to stand trial.

## I.

Because a district court's competency determination is primarily factual in nature, we review a court's decision on competency to stand trial only for clear error. *United States v. Izquierdo*, 448 F.3d 1269, 1276, 1278 (11th Cir. 2006). A

finding of fact is considered clearly erroneous only when we are left with a definite and firm conviction that a mistake has been committed. *Id.* at 1278. We give due regard to the trial court's opportunity to assess the credibility of witnesses. *Id.* Accordingly, where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. *Id.* at 1279.

The test for determining competence to stand trial is whether a defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational and factual understanding of the proceedings against him. *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005). The competency inquiry is functional, and focuses on a defendant's capacity to sufficiently contribute to his own defense to allow for a fair trial. *Watts v. Singletary*, 87 F.3d 1282, 1286 (11th Cir. 1996). Because the competency determination looks at the capacity of a particular defendant to play a specific role at trial, it requires a case-by-case assessment. *Id.* at 1289.

We conclude that the district court did not clearly err in finding Sanders competent to stand trial. The court reviewed *de novo* the magistrate judge's report, which credited the testimony of Dr. Buigas. Dr. Buigas concluded that Sanders was malingering his symptoms, because there was no evidence of any symptoms other than his recitation of religious phrases. Dr. Buigas observed that Sanders appeared to recite religious phrases only when he was aware that he was being

4

evaluated for competency purposes.  His testimony was plainly sufficient to establish Sanders's competence.  His conviction is therefore due to be affirmed.

## II.

In considering whether the district court erred in imposing the obstruction-of-justice sentencing enhancement, we review for clear error the court's factual findings and *de novo* its application of those findings under the sentencing guidelines.  *United States v. Doe*, 661 F.3d 550, 565 (11th Cir. 2011).  A two-level enhancement for obstruction of justice applies where:

> (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense.

U.S.S.G. § 3C1.1.  Because an obstruction-of-justice enhancement would increase the offense level, the government has the burden of proving its applicability.  *See United States v. Bailey*, 961 F.2d 180, 181 (11th Cir. 1992).

A defendant "does not have the right to create a doubt as to his competency or to increase the chances that he will be found incompetent by feigning mental illness."  *United States v. Patti*, 337 F.3d 1317, 1325 (11th Cir. 2003) (quotations omitted).  Thus, an obstruction-of-justice enhancement is appropriate where a defendant's feigned mental illness forced his trial to be postponed and caused the government to waste resources on a competency examination.  *Id.*

5

Based on its finding that Sanders was malingering, the district court correctly applied the obstruction-of-justice enhancement, for Sanders willfully obstructed the administration of justice with respect to the investigation, prosecution, and sentencing of the instant offense.  Though he had a constitutional right to a competency hearing, he did not have a right to create doubt as to his competency by feigning his symptoms.  The obstruction-of-justice enhancement punishes his decision to malinger, not his counsel's decision to request a competency hearing.  Thus, the court did not err in applying it.

### III.

A seven-level firearm-discharge enhancement applies "[i]f a firearm was discharged" in the course of a robbery.  U.S.S.G. § 2B3.1(b)(2)(A).  When a defendant induces another person to discharge a firearm during the commission of an offense, that discharge is attributable to the defendant for purposes of U.S.S.G. § 2B3.1(b)(2)(A).  *United States v. Williams*, 51 F.3d 1004, 1011 (11th Cir. 1995), *abrogated on other grounds by Jones v. United States*, 526 U.S. 227, 231-32, 119 S. Ct. 1215, 1218-19, 143 L. Ed. 2d 311 (1999).  Acts or omissions of another that are brought about, produced, or caused by the defendant's conduct are attributed to the defendant.  *United States v. McQueen*, 670 F.3d 1168, 1170 (11th Cir. 2012).

As Sanders concedes, the district court correctly imposed a seven-level enhancement under § 2B3.1(b)(2)(A).  He conceded the point because it is

undisputed that he pointed his toy gun at the bank teller and the security guard and thereby induced the security guard to discharge his own firearm.

## IV.

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). Sanders's sentence is within the guidelines sentence range, and although we do not automatically presume that a sentence within the range is reasonable, we ordinarily expect it to be. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

A district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C.       § 3553(a)(2). *Id.* We will vacate a sentence "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotation omitted).

The district court did not abuse its discretion by denying a downward variance and imposing a within-guidelines sentence of 175 months' imprisonment. The within-guidelines sentence is subject to an expectation of reasonableness. The fact that the sentence is well below the statutory maximum is another indicator of

its reasonableness. The court properly considered the sentencing factors set out in 18 U.S.C. § 3553(a) factors, such as the seriousness of the offense and the need to deter a repeat offender like Sanders, when it imposed its sentence. Finally, the court did not abuse its discretion by imposing a sentence consistent with § 2B3.1(b)(2)(A)'s firearm-discharge enhancement, which was properly applied, because Sanders induced the security guard to discharge his firearm by pointing a toy gun at him. Sanders does not cite any authority for his argument that the court abused its discretion by declining to vary downward from the guideline sentence range to correct for an enhancement that was properly applied. In fine, we reject Sanders's argument that his sentence is uneasonable.

For the foregoing reasons, Sanders's conviction and sentence are

AFFIRMED.