[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13832
Non-Argument Calendar

_____

D.C. Docket No. 4:15-cr-00064-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID NOLAN EVANS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 10, 2016)

Before TJOFLAT, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

David Nolan Evans appeals his sentence of 64 months of imprisonment

imposed following his plea of guilty to using a telephone or other instrumentality

of interstate commerce to willfully threaten to kill or injure any individual or to damage a building by means of fire or an explosive. 18 U.S.C. § 844(e). Evans challenges the three-level enhancement of his sentence for targeting a government officer or employee. United States Sentencing Guidelines Manual § 3A1.2 (Nov. 2014). We affirm.

As a condition of his state sentence of probation, Evans was required to complete drug treatment at the Savannah Day Reporting Center. The Center is an outpatient substance abuse treatment facility operated primarily by probation officers employed by the Georgia Department of Corrections. The Center is housed in the Southern Oaks Professional Building.

On December 1, 2014, Evans called 911 and reported having "valuable information that the Southern Oaks Professional Building is going to be attacked between the days of 1 and 14, I don't know what day, but this is very certain." On December 22, 2014, Evans called 911 and stated, "Everybody at the Savannah Day Reporting Center will be killed today. If you think New York was bad, wait until you see this." Evans visited the Center on January 12, 2015, and left an object in the men's restroom that appeared to be an improvised-explosive device, but the object did not contain any explosives. Attached to the device was a letter stating, "Go boom pigs, shut this place down until after black history month or next one will be real, count on it niggers . . . Grand Dragon." Later, Evans admitted to

2

making the first call and planting the fake explosive device to avoid taking a urinalysis, which would have revealed that he had violated a term of his probation by using cocaine.

The district court did not clearly err by enhancing Evans's sentence for targeting a government officer or employee. A defendant is subject to a three-level increase in his base offense level if his "victim was a government officer or employee . . . and the offense of conviction was 'motivated by such status.'" *Id.* § 3A1.2(a). The district court was entitled to find that Evans's victims—whom he described as being "Everybody at the Savannah Day Reporting Center" and the "pigs . . . [in] this place"—were the probation officers and other government employees who were responsible for administering and reporting the results of the drug tests that Evans sought to avoid. *See United States v. Bailey,* 961 F.2d 180, 182 (11th Cir. 1992); *see also United States v. Bennett*, 368 F.3d 1343, 1358 (11th Cir. 2004) (concluding that offense motivated by status of government officer when he and other officers announced their presence before executing warrant), *cert. granted, vacated, and remanded on other ground*, 543 U.S. 1110 (2005), *opinion reinstated*, 131 F. App'x 657 (11th Cir. 2005). Evans failed to object to, and is deemed to have admitted, the facts in his presentence investigation report that his victims included the employees of the Center, *see United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006), and he conceded at sentencing "that the

3

individuals inside the Savannah Day Reporting Center . . . would be technical victims." Because Evans issued the threats to prevent everyone in the Center from performing their roles in the probation program, the district court reasonably determined that his conduct was motivated by the officers' and employees' positions. *See* U.S.S.G. § 3A1.2 cmt. n.3.

We **AFFIRM** Evans's sentence.