[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 22, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16218
Non-Argument Calendar

_____

D. C. Docket No. 06-00327-CR-T-26-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN SANTOS-HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 22, 2007)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Benjamin Santos-Hernandez appeals his 48-month sentence for illegal re-entry into the United States by a previously deported alien, in violation of 8 U.S.C. § 1326(a), (b)(1). After review, we affirm.

## I. BACKGROUND

According to the presentence investigation report ("PSI"), to which Santos-Hernandez did not object, Santos-Hernandez, a citizen of Mexico, has illegally entered the United States seven times.

Santos-Hernandez first entered the United States on or before February 1997, and subsequently was arrested on drug charges and convicted of possessing a fictitious driver's license and resisting arrest without violence. Santos-Hernandez was deported in May 1998.

Santos-Hernandez illegally re-entered the United States a few months later, was arrested for retail theft and was again deported in September 1998. In July 2000, Santos-Hernandez attempted to illegally re-enter the United States, but was taken into custody and deported.

Santos-Hernandez then illegally re-entered the United States on or before March 2001, was arrested for driving under the influence, served prison time and was deported in July 2002. On or before July 2003, Santos-Hernandez again unlawfully re-entered the United States and was arrested on drug charges.

2

In April 2004, Santos-Hernandez was found in Florida and charged with unlawful re-entry into the United States by a previously deported alien. Santos served a 12-month sentence and was deported to Mexico in May 2005.

After having been deported five times in eight years and despite the fact that he had already served a 12-month sentence for illegal re-entry, Santos-Hernandez committed the instant offense by illegally re-entering the United States in May 2006. Santos-Hernandez was arrested in July 2006 after a county deputy learned that Santos-Hernandez was an illegal alien who had previously been deported.

The PSI recommended a total offense level of ten based on: (1) a base offense level of eight, pursuant to U.S.S.G. § 2L1.2(a); (2) a four-level increase, pursuant to U.S.S.G. § 2L1.2(b)(1)(D), because Santos-Hernandez had previously been deported after a felony conviction; and (3) a two-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a). The PSI also calculated ten criminal history points, placing Santos-Hernandez in a criminal history category of V and yielding an advisory guidelines range of 21 to 27 months' imprisonment.

At sentencing, Santos-Hernandez did not object to the PSI, and the district court adopted the PSI's calculations. Santos-Hernandez requested a sentence within the advisory guidelines range. Santos-Hernandez asked the district court to

forgive him, and the district court responded that this offense was the seventh time Santos-Hernandez had entered the United States without permission. The government requested a sentence at the high end of the advisory guidelines range.

The district court stated that a reasonable sentence should vary from the advisory guidelines range because Santos-Hernandez had illegally entered the country seven times and needed "to understand that he cannot be here unless he's here legally." The district court found that Santos-Hernandez had committed serious crimes, including driving under the influence and drug offenses. The district court stated that it would impose a sentence above the guidelines range due to the nature and circumstances of the offense; Santos-Hernandez's history of knowingly re-entering the country illegally; and the need to reflect the seriousness of the offense, to punish and to deter.

The district court imposed a 48-month sentence. In so doing, the district court stated that it had considered all of the 18 U.S.C. § 3553(a) factors and found that the sentence imposed was sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing. Santos-Hernandez filed this appeal.

## II. DISCUSSION

### A. Reasonableness

On appeal, Santos-Hernandez argues that the district court imposed an

unreasonable sentence. After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), a district court, in determining a reasonable sentence, must consider the correctly calculated advisory guidelines range and the factors set forth in 18 U.S.C. § 3553(a).[1] United States v. Valnor, 451 F.3d 744, 749 (11th Cir. 2006). After correctly calculating the advisory guidelines range, the district court may impose a more severe or lenient sentence, so long as that sentence is reasonable. Id. at 750. The district court need not discuss each factor or state on the record that it has explicitly considered each factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). An acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice. Id.

"In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors." Valnor, 451 F.3d at 750 (quotation marks omitted). Our reasonableness review is deferential, and the burden of proving that the sentence is unreasonable in light of the record and the § 3553(a) factors rests on the party challenging the sentence. Id. The district court may choose from a range of

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the advisory guidelines range; (8) the need to avoid unwanted sentencing disparities; and (9) the need to provide restitution to victims.

reasonable sentences, and we will not substitute our judgment in weighing the § 3553(a) factors because that is within the sound discretion of the district court. United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006), petition for cert. filed, (U.S. Oct. 19, 2006) (No. 06-7352). However, the district court's choice is not unfettered, and we will remand if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id.

Here, in deciding to impose a sentence above the advisory guidelines range, the district court considered numerous factors, including the nature and circumstances of the offense, Santos-Hernandez's criminal history, the need for deterrence and the need for the sentence to reflect the seriousness of the offense and to provide just punishment. The district court specifically discussed that Santos-Hernandez had illegally re-entered the United States seven times and had a history of committing crimes while in this country. Under these circumstances, we cannot say that Santos-Hernandez's 48-month sentence, well-below the ten-year statutory maximum sentence, was unreasonable.

**B.    Double Jeopardy**

Santos-Hernandez argues for the first time on appeal that the district court's

6

sentence violated the Double Jeopardy Clause.[2]  The Double Jeopardy Clause

provides that no person shall "be subject for the same offence to be twice put in

jeopardy of life or limb."  U.S. Const. amend. V  The Double Jeopardy Clause

protects against "the imposition of multiple punishments for the same offense."

United States v. Dowd, 451 F.3d 1244, 1251 (11th Cir.), cert. denied, 127 S. Ct.

335 (2006).

Santos-Hernandez's statutory maximum sentence was increased from two

years to ten years under 8 U.S.C. § 1326(b)(1), a sentence-enhancement statute,

because of his prior felony conviction.[3]  See Almendarez-Torres v. United States,

523 U.S. 224, 226, 118 S. Ct. 1219, 1222 (1998).  Sentencing-enhancement

statutes "do not change the penalty imposed for the earlier conviction" but instead

"penaliz[e] only the last offense committed by the defendant."  Nichols v. United

States, 511 U.S. 738, 747, 114 S. Ct. 1921, 1927 (1994).  Therefore, sentence

---

[2]Where, as here, the Double Jeopardy Clause claim is raised for the first time on appeal, we review for plain error.  United States v. Rahim, 431 F.3d 753, 756 (11th Cir.  2005), cert. denied, 126 S. Ct. 1820 (2006).  To establish plain error, the appellant must show that there is: "(1) error, (2) that is plain and (3) that affects substantial rights.  If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007) (quotation marks omitted).

[3]Under 8 U.S.C. § 1326(a), an alien who has been deported from the United States and is subsequently found in the United States without permission from the Attorney General is subject to a maximum prison sentence of two years.  However, under 8 U.S.C. § 1326(b)(1), if the alien's deportation was subsequent to a felony conviction, the maximum sentence increases to ten years' imprisonment.

enhancements imposed on a repeat offender are neither a new jeopardy nor an additional penalty for the earlier crime but are a harsher punishment for the newest crime. Monge v. California, 524 U.S. 721, 728, 118 S. Ct. 2246, 2250 (1998). Accordingly, the district court did not violate the Double Jeopardy Clause by subjecting Santos-Hernandez to § 1326(b)(1)'s enhanced sentence. There is no error, much less plain error.

## C.   Notice of Variance

Finally, Santos-Hernandez argues for the first time on appeal that the district court erred when it failed to give him notice required by Federal Rule of Criminal Procedure 32(h) before imposing a sentence above the advisory guidelines range.[4]

Rule 32(h) requires the district court to give the parties "reasonable notice that it is contemplating a departure" from the applicable sentencing range "on a ground not identified for departure either in the presentence report or in a party's prehearing submission . . . ." Fed. R. Crim. P. 32(h). However, the notice requirement of Rule 32(h) does not apply to a sentence imposed outside of the advisory guidelines range as a result of the district court's consideration of the § 3553(a) factors. United States v. Irizarry, 458 F.3d 1208, 1212 (11th Cir. 2006), petition for cert. filed, (U.S. Oct. 26, 2006) (No. 06-7517) (explaining that, post-

---

[4]Because Santos-Hernandez did not raise this argument to the district court, we review for plain error. See Rahim, 431 F.3d at 756.

Booker, parties cannot claim unfair surprise when a district court imposes a sentence above the Guidelines range based on the § 3553(a) factors because "parties are inherently on notice that the sentencing guidelines range is advisory and that the district court must consider the factors expressly set out in section 3553(a) when selecting a reasonable sentence between the statutory minimum and maximum"). Therefore, the district court did not commit plain error by not giving Rule 32(h) notice.

**AFFIRMED.**