[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 29, 2005
THOMAS  K. KAHN
CLERK

_____

No. 05-11087
Non-Argument Calendar
_____

D. C. Docket No. 03-00045-CR-HLM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAS RAHIM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 29, 2005)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Ras Rahim appeals his convictions for carjacking, 18 U.S.C. § 2119, and use of a firearm during a crime of violence, id. § 924(c)(1)(A), and his sentence for those and other convictions. Rahim raises three arguments on appeal, the first of which presents an issue of first impression in our Circuit that has been resolved uniformly by several of our sister circuits: (1) Rahim's convictions for two violations of section 924(c) arising from the same course of conduct is contrary to the language of the statute and violates the Double Jeopardy Clause of the Fifth Amendment; (2) the government presented insufficient evidence to prove that his carjacking affected interstate commerce; and (3) Rahim was not competent to be sentenced. Because section 924(c) permits multiple convictions arising out of the same course of conduct and Rahim's carjacking affected interstate commerce, we affirm Rahim's convictions. Because the district court did not err in finding Rahim competent to be sentenced, we also affirm Rahim's sentences.

## I. BACKGROUND

On July 8, 2003, Rahim entered a SouthTrust bank branch in Cartersville, Georgia, brandished a firearm, and demanded that a teller put the money from her cash drawers into a bag. The teller placed into the bag, along with the $4700, several security devices that contained red dye and tear gas and were designed to explode soon after Rahim left the bank. After Rahim left the bank and began to

2

drive away, the dye packs exploded.  Rahim abandoned the car and ran into a store near the bank.

Rahim demanded that Hazel King, an employee of the store, give him the keys to her car.  King complied, but Rahim held a gun to her head and ordered her to accompany him and drive the car.  After Cartersville police officers, who had responded to the report of the bank robbery, shot the tires of the car, King was able to drive a short distance before the damage to the tires forced her to stop the car.  While Rahim continued to hold King at gunpoint, they abandoned the car and fled to a wooded area.  The police surrounded them, and a standoff ensued.  Rahim suddenly ordered King to lie on the ground and began to fire at the officers.  A sniper shot Rahim in the head, which ended the confrontation, but Rahim survived.

Rahim was indicted on four counts:  (1) armed bank robbery, see 18 U.S.C. § 2113(a), (d); (2) use of a firearm during the robbery, see id. § 924(c); (3) carjacking, see id. § 2119; and (4) use of a firearm during the carjacking, see id. § 924(c).  Rahim was found competent to stand trial and pleaded not guilty.  At trial, Rahim moved to dismiss the carjacking charge and the associated firearm charge on the ground that the government failed to present sufficient evidence to prove that his carjacking had a substantial impact on interstate commerce.  The district court denied the motion.  Rahim presented his case, but failed to renew his

3

objection to the sufficiency of the evidence afterwards. The jury convicted Rahim on all four counts.

Rahim's sentencing hearing was held on February 4, 2005. At the hearing, Rahim stated, "My name is my property, and I do not give away any of my names without being compensated[.]" After the district court expressed its belief that the defendant was "patently trying to build a record of incompetence to be sentenced," the court ordered another psychiatric examination. Several days later, the United States Marshals Service furnished the district court with a letter seized from Rahim's jail cell. The letter, signed by Rahim and dated February 4, 2005, described the hearing and Rahim's belief that "if the judge can't sentence me he has to free me." The district court entered the letter into the record, considered the letter along with Rahim's two previous mental evaluations, and vacated its order that Rahim be examined. A new sentencing hearing was scheduled for Feburary 16, 2005.

At the second sentencing hearing, Rahim again refused to provide his name. Rahim argued that the district court erred in considering the letter to reverse its previous order because the letter was seized in violation of the Fourth Amendment and was not properly authenticated. The district court overruled his objections and concluded that Rahim was competent to be sentenced. The district court imposed

concurrent sentences of 97 months of imprisonment for the bank robbery and carjacking convictions to run consecutively with a term of 84 months of imprisonment for the first firearms charge and a term of 300 months of imprisonment for the second firearms charge.

## II. STANDARD OF REVIEW

This Court reviews questions of statutory interpretation de novo, United States v. Krawczak, 331 F.3d 1302, 1305 (11th Cir. 2003), but when an issue is raised for the first time on appeal, we reverse for plain error, United States v. Miller, 255 F.3d 1282, 1284 (11th Cir. 2001). We review de novo the denial of a motion for judgment of acquittal based on insufficiency of the evidence, United States v. Abbell, 271 F.3d 1286, 1299 (11th Cir. 2001), but where the defendant fails to renew his objection after presenting his own case, we reverse for manifest injustice, United States v. Bichsel, 156 F.3d 1148, 1150 (11th Cir. 1998). We review a finding of competency for clear error. United States v. Hogan, 986 F.2d 1364, 1371-72 (11th Cir. 1993).

## III. DISCUSSION

Rahim raises three arguments on appeal. First, Rahim argues that more than one conviction for the use of a firearm during a violent crime is inconsistent with the language of the statute and violates double jeopardy. Second, Rahim argues

5

that the evidence was insufficient to support a finding that his carjacking affected interstate commerce. Third, Rahim argues that the district court plainly erred in finding him competent to be sentenced. We address each argument in turn.

### A. Section 924(c) Constitutionally Permits Multiple Convictions Arising from the Same Course of Conduct.

Rahim argues, for the first time on appeal, that he cannot be convicted for two violations of section 924(c) arising from the same course of conduct. Rahim's argument is twofold, and both contentions present issues of first impression for this Court. Rahim argues that the statute does not permit two convictions for the use of a firearm in the course of a crime of violence when the underlying offenses were part of a single course of conduct. See 18 U.S.C. § 924(c). Rahim argues, alternatively, that if the statute allows two convictions for a single course of conduct, it is unconstitutional under the Double Jeopardy Clause of the Fifth Amendment. See U.S. Const. Amend. V. We review these arguments for plain error and reject both challenges to Rahim's convictions.

### 1. Section 924(c) Permits Multiple Convictions Arising from a Single Course of Conduct.

Section 924(c) provides that "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime,

possesses a firearm" shall be sentenced to an additional term of imprisonment. 18 U.S.C. § 924(c)(1)(A). "In the case of a second or subsequent conviction under [section 924(c),] the person shall be sentenced to a term of imprisonment of not less than 25 years." Id. § 924(c)(1)(C). Section 924(c) also requires that the additional term of imprisonment be consecutive: "no term of imprisonment imposed on a person under [section 924(c)] shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." Id. § 924(c)(1)(D)(ii).

Rahim argues that the language of the statute does not permit two or more convictions under section 924(c) when the predicate crimes of violence arise from the same course of conduct. We disagree. Nothing in the language of section 924(c) supports Rahim's view; to the contrary, section 924(c) makes it a crime to use, carry, or possess a firearm "during and in relation to any crime of violence . . . ." Id. § 924(c)(1)(A) (emphasis added). Section 924(c) has no language limiting its reach to offenses occurring in a separate "criminal transaction" or "course of conduct," and we cannot and will not read that requirement into the statute. See United States v. Fontanilla, 849 F.2d 1257, 1258-59 (9th Cir. 1988).

7

This interpretation is consistent with our precedent and the decision of every other circuit to address the issue on similar facts. In United States v. Hamilton, 953 F.2d 1344 (11th Cir. 1992), we reversed a second conviction under 924(c) where the predicate offense for both counts was a single charge of conspiracy to distribute narcotics, but we explained in dictum that "multiple [section] 924(c) convictions would have been proper if the Government had linked each gun count to [the defendant's] separate counts for possession of drugs." Id. at 1346. The Third, Sixth, and Tenth Circuits have upheld multiple section 924(c) convictions where the same predicate crimes of violence, bank robbery and carjacking, occurred "virtually simultaneously." United States v. Casiano, 113 F.3d 420, 425 (3d Cir. 1997); see also United States v. Burnette, 170 F.3d 567, 571-72 (6th Cir. 1998); United States v. Romero, 122 F.3d 1334, 1343-44 (10th Cir. 1997). Other courts have upheld multiple section 924(c) convictions involving different predicate crimes of violence that were part of a single course of conduct. See, e.g., United States v. Paladino, 401 F.3d 471, 478-79 (7th Cir. 2005) (two drug distribution offenses); United States v. Salameh, 261 F.3d 271, 279 (2d Cir. 2001) (conspiracy to bomb a building and assault on a federal officer); United States v. Andrews, 75 F.3d 552, 557-58 (9th Cir. 1996) (murder and attempted

manslaughter); United States v. Privette, 947 F.2d 1259, 1262 (5th Cir. 1991) (two drug trafficking offenses).

The few courts to have reversed multiple convictions under section 924(c) have done so on plainly distinguishable facts. See United States v. Finley, 245 F.3d 199, 206-08 (2d Cir. 2001) (drug possession and drug distribution arising from a single drug transaction); United States v. Wilson, 160 F.3d 732, 748-50 (D.C. Cir. 1998) (first degree murder and killing a witness to prevent him from testifying arising from a single homicide); United States v. Johnson, 25 F.3d 1335, 1336-39 (6th Cir. 1994) (simultaneous possession of different controlled substances). In each case, the "simultaneous predicate offenses consist[ed] of virtually the same conduct." Finley, 245 F.3d at 207. We need not reach the issue whether predicate offenses consisting of "virtually the same conduct" can support multiple 924(c) convictions because Rahim's convictions for bank robbery and carjacking required distinct conduct. Two of the three circuits that have reversed a 924(c) conviction for virtually the same conduct have upheld multiple section 924(c) convictions based on this kind of distinct conduct. Compare Salameh, 261 F.3d at 279, and Burnette, 170 F.3d at 571-72, with Finley, 245 F.3d at 206-08, and Johnson, 25 F.3d at 1336-39.

9

Neither the Supreme Court nor this Court has held that to impose consecutive sentences, in this circumstance, is erroneous. In the light of the clear language of section 924(c), we cannot say that Rahim's consecutive sentences were unwarranted. The district court did not plainly err in its interpretation of section 924(c).

### 2. Multiple Section 924(c) Convictions Do Not Violate the Double Jeopardy Clause.

Rahim argues that applying our interpretation of section 924(c) to his convictions violates the Double Jeopardy Clause of the Fifth Amendment. See U.S. Const. Amend. V. Multiple convictions for the same course of conduct violate the Double Jeopardy Clause unless each of the two offenses charged "requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932); United States v. Howard, 918 F.2d 1529, 1532-33 (11th Cir. 1990). Rahim's argument fails.

Each of Rahim's convictions required proof of an element that the other did not. To support a conviction under section 924(c), the jury had to find Rahim guilty of committing the predicate "crime of violence." See Deal v. United States, 508 U.S. 129, 132, 113 S. Ct. 1993, 1998 (1993). To find Rahim guilty of count two of the indictment, the jury was required to find that Rahim had "used, carried, or possessed" a firearm while committing the bank robbery, and to find Rahim

10

guilty of count four of the indictment, the jury was required to find that Rahim had "used, carried, or possessed" a firearm while committing the carjacking.  See id. His convictions did not violate the Double Jeopardy Clause.  See Blockburger, 284 U.S. at 304, 52 S. Ct. at 180.  Again the district court did not plainly err in entering separate convictions under section 924(c).

### B.  The Evidence Is Sufficient to Support a Finding That Rahim's Carjacking Affected Interstate Commerce.

Rahim argues that the government failed to offer sufficient evidence that his carjacking affected interstate commerce and the federal carjacking statute, 18 U.S.C. § 2119, is therefore unconstitutional as applied to his conviction.  He further argues that, if we reverse his conviction under the carjacking statute, we must also vacate the firearms conviction predicated on the carjacking conviction. Rahim's arguments fail.

Federal law provides, "Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation" is subject to criminal sanction.  18 U.S.C. § 2119 (emphasis added).  To satisfy the jurisdictional element of this statute, the government must prove that the motor vehicle "had been transported, shipped or received in interstate or foreign commerce"  United States v. Diaz, 248 F.3d 1065,

11

1096 (11th Cir. 2001). The government presented testimony that the vehicle was manufactured in Ohio and located in Georgia during the carjacking, and the district court denied Rahim's motion for acquittal. Rahim did not renew his motion either at the close of the evidence or after the jury returned its verdict and thereby waived his earlier objection. See Bichsel, 156 F.3d at 1150. Because Rahim cannot demonstrate that the evidence on this element is "so tenuous that a conviction would be shocking," we affirm his convictions. Id.

### C. The District Court Did Not Plainly Err in Finding Rahim Competent to Be Sentenced.

Rahim argues that the district court erroneously found him to be competent at his sentencing hearing. He argues that the district court should not have considered the letter he wrote and that there was insufficient evidence for the district court to reverse its previous order for a psychological evaluation. We disagree.

The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent. See U.S. Const. Amend. V; Pate v. Robinson, 383 U.S. 375, 378, 86 S. Ct. 836, 838 (1966). For a defendant to be competent to stand trial, he must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and] ha[ve] a rational as well as factual understanding of the proceedings against him." Medina

12

v. Singletary, 59 F.3d 1095, 1106 (11th Cir. 1995). Whether the defendant is competent is an ongoing inquiry; the defendant must be competent at all stages of trial. See Drope v. Missouri, 420 U.S. 162, 181, 95 S. Ct. 896, 908 (1975). A district court must conduct a competency hearing when there is a "bona fide doubt" regarding the defendant's competence. Pate v. Robinson, 383 U.S. 375, 385, 86 S. Ct. 836, 842 (1966).

The district court did not clearly err in finding Rahim competent at the sentencing hearing. The district court could have interpreted Rahim's statements in court as made with the purpose of delaying the proceedings. It was proper for the district court to consider Rahim's letter when making this determination because evidence of the competency of Rahim need not be "presented to the judge in the form of admissible evidence." Demos v. Johnson, 835 F.2d 840, 843 (11th Cir. 1988). Two pretrial psychological evaluations evidenced that Rahim was competent. Other than Rahim's statements at the first sentencing hearing, which the letter later revealed to be made with the purpose to delay sentencing, Rahim offered no evidence of his inability to consult with his lawyer or to understand the proceedings against him and did not raise a "bona fide doubt" regarding his competence. Pate, 383 U.S. at 385, 86 S. Ct. at 842. We conclude that the district court did not clearly err in finding Rahim competent to be sentenced.

13

## IV.  CONCLUSION

We affirm both Rahim's convictions and sentences.

**AFFIRMED**.