[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11158
Non-Argument Calendar

_____

D. C. Docket No. 05-00038-CR-ORL-28-JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARGUERITE YOUNG SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 28, 2006)**

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Marguerite Young Smith appeals her conviction and 30-month sentence for presenting a false claim to the Internal Revenue Service, in violation of 18 U.S.C. §§ 287 and 2. Smith contends the district court erred in accepting her guilty plea and proceeding to sentence her because she was incompetent at both the plea hearing and the sentencing hearing. We conclude the district court did not err in accepting her guilty plea and sentencing her, and we affirm.

## I. STANDARD OF REVIEW

The crucial factor in determining which standard of review to apply is whether Smith waived her objections to the plea hearing or forfeited those objections. If Smith waived them, that is intentionally abandoned a known right, Smith cannot now argue that the district court erred under this Circuit's invited error doctrine. *See United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006). If, however, Smith only forfeited the objections, that is failed to timely assert that right, this Circuit will review those alleged errors under its plain error doctrine. *See United States v. Candelario*, 24 F.3d 1300, 1306 (11th Cir. 2001). In this case, we need not determine whether Smith waived her competency arguments or forfeited them, because we conclude that even under the more stringent plain error review, the district court did not err.[1]

_____

[1] "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir.

## II. DISCUSSION

Smith challenges both the district court's determination she was competent when she pled guilty and its determination she was competent when sentenced. Each claim will be discussed in turn.

Smith was competent to plead guilty because she rationally discussed the proceedings with her lawyer and understood the nature of the proceedings. A defendant is competent to plead guilty if she "has sufficient present ability to consult with . . . her lawyer with a reasonable degree of rational understanding and . . . has rational as well as factual understandings of the proceedings." *Tiller v. Esposito*, 911 F.2d 575, 576 (11th Cir. 1990). The district court has the duty to ensure a defendant is competent at every stage of a trial. *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005). If a district court has a bona fide doubt regarding a defendant's competence, it must conduct a *sua sponte* competency hearing. *Tiller*, 911 F.2d at 576.

The district court had no reason to doubt Smith's competency at the time of the plea hearing. Smith was psychologically evaluated and found competent at the time the crimes were committed and was found competent to stand trial. In addition, Smith's attorney stated more than once that he was satisfied that Smith

2005). If Smith makes this showing, this Court may recognize the error and reverse only if the error "affects the integrity, fairness or public reputation of judicial proceedings." *Id.*

was competent to plead guilty. Smith stated that she was thinking clearly, understood the proceedings and was able to make decisions. Based on these facts, the district court had no reason to doubt Smith's competency because she rationally discussed the proceedings with her lawyer and understood the nature of the proceedings. Therefore, the district court committed no error in accepting defendant's guilty plea.

The district court also did not err when it sentenced Smith. The district court has the duty to ensure Smith is competent at sentencing. *See Rahim*, 431 F.3d at 759. In determining whether a defendant is competent to be sentenced, the district court must look at evidence indicating "a *present* inability to assist counsel or understand the charges." *Medina v. Singletary*, 59 F.3d 1095, 1107 (11th Cir. 1995). In this case, Smith offered a conflicting mental examination and stated she was confused. She also, however, stated that she understood everything that went on in the proceedings, and her counsel stated that she appeared to be competent and there was no reason not to proceed with sentencing. A district court does not err simply by crediting one opinion over another where other evidence in the record supports the conclusion. *See Battle v. United States*, 419 F.3d 1292, 1299 (11th Cir. 2005). Therefore, standing alone, the conflicting medical report is insufficient to demonstrate that the district court erred in finding Smith competent

to be sentenced. At the sentencing hearing and based on her attorney's testimony, she demonstrated a present ability to assist her lawyer and understand the charges against her and the penalties she faced. Therefore, the district court did not err in sentencing Smith.

## III. CONCLUSION

At all relevant times during the proceedings, Smith showed a present ability to understand the proceedings against her and assist in her own defense. Therefore, the district court committed no error, plain or otherwise, in sentencing Smith or accepting her guilty plea.

**AFFIRMED.**