[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 09, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14117
Non-Argument Calendar

_____

D. C. Docket No. 05-00281-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC RONDELL GABE,
a.k.a. Derrick Minor,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(May 9, 2007)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Eric Rondell Gabe appeals his convictions for possession of a firearm by a

felon, possession of a controlled substance, and possession of a firearm in relation to a drug trafficking crime. Gabe argues that the district court erred when, during jury selection, it sustained the objection by the government under Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712 (1986), and seated jurors Gabe had challenged. We affirm.

## I. BACKGROUND

A federal grand jury indicted Gabe for possession of a firearm in violation of 18 U.S.C. sections 922(g) and 924(e), possession of a controlled substance in violation of 21 U.S.C. section 844, and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. section 924(c). Gabe pleaded not guilty. At trial, Gabe used all ten of his peremptory challenges to remove white members of the venire. The government raised a Batson objection. Defense counsel provided allegedly race-neutral reasons for each of the challenges, including prior jury service, business ownership, familiarity with officers of the court, a carjacking encounter, and military experience.

The district court questioned defense counsel regarding the basis of the peremptory challenges, including the disparity between defense counsel's use of challenges for white venire members with prior jury service, but not of black venire members with prior jury service. The district court determined that, at least

2

as to six of the jurors, defense counsel had used his peremptory challenges in a manner that purposefully discriminated against white members of the venire. To remedy the discrimination, the trial court ordered that six of the ten struck jurors be seated on the jury. No objection was made to that remedy until this appeal.

## II. STANDARD OF REVIEW

"We review the district court's resolution of a Batson challenge under the clearly erroneous standard." Cent. Ala. Fair Hous. Ctr., Inc. v. Lowder Realty Co., Inc., 236 F.3d 629, 635 (11th Cir. 2000). "A district court's findings regarding whether a peremptory strike was exercised for a discriminatory reason largely involve credibility determinations and are therefore entitled to great deference." United States v. Tokars, 95 F.3d 1520, 1530 (11th Cir. 1996). When an issue is raised for the first time on appeal, we review for plain error. United States v. Rahim, 431 F.3d 753, 756 (11th Cir. 2005).

## III. DISCUSSION

Gabe raises two issues. First, he argues that the district court erred by sustaining the Batson objection of the government. Second, he maintains that the district court erred when it seated the challenged jurors. We address each issue in turn.

*A. The District Court Did Not Clearly Err When It Sustained the Batson Objection of the Government.*

3

Criminal defendants are prohibited from using peremptory challenges to engage in purposeful discrimination on the basis of race. Georgia v. McCollum, 505 U.S. 42, 59, 112 S. Ct. 2348, 2359 (1992). There are three steps in the review of a defendant's peremptory challenges under Batson v. Kentucky. See McCollum, 505 U.S. at 59, 112 S. Ct at 2359. First, the government must establish a prima facie case of unlawful discrimination. Batson, 476 U.S. at 93-97, 106 S. Ct. at 1721-23. Second, when a prima facie case has been established, the burden shifts to the defendant to provide a race-neutral basis for the challenges. Id. at 94-98, 106 S. Ct. at 1721-24. Third, the district court determines whether, under the totality of the circumstances, purposeful discrimination occurred. Id. at 98, 106 S. Ct. at 1724.

Gabe does not dispute that the government established a prima facie case, nor do the parties dispute that Gabe provided allegedly neutral bases for the challenges. The only issue is whether the district court erred in its finding of purposeful discrimination.

The district court did not clearly err when it determined that several of Gabe's race-neutral explanations were not credible. The district court, for example, found that some of the challenges were patently discriminatory where members of both races had prior jury experience but only members of one race

4

were challenged. We have upheld a finding of discrimination where the party purportedly challenged a black venire member because she was from an urban area but did not challenge white venire members who were from urban areas. United States v. Stewart, 65 F.3d 918, 926 (11th Cir. 1995). We have also held, in the context of a defendant's challenge to the use of peremptory challenges by the government, that "failing to strike a white juror who shares some traits with a struck black juror does not itself automatically prove the existence of discrimination," but noted that "where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Id.

B. *It was Not Plain Error for the District Court to Seat the Challenged Jurors.*

Gabe argues for the first time on appeal that the remedy of seating the challenged jurors was error. Gabe fails to explain how it was error, much less plain error, for the district court to remedy the Batson violation by seating the unlawfully challenged jurors. This argument fails.

## IV. CONCLUSION

Gabe's convictions are

**AFFIRMED.**