[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10293
Non-Argument Calendar

_____

D. C. Docket No. 07-00028-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERESA ANN CRAWFORD,
a.k.a. Heidi P. Ward,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 18, 2008)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Teresa Ann Crawford, who has been indicted for multiple offenses including impersonation of an officer of the United States, an Air Force colonel, was found by the district court, pursuant to 18 U.S.C. § 4241(d), to be incompetent to stand trial and committed to the custody of the Attorney General. Crawford now appeals the commitment order, contending that the court placed undue weight on the expert opinion of Dr. Robert Gregg, whose theories regarding incompetency are allegedly inconsistent. She also contends that her behavior while testifying at her competency hearing proved that she was mentally competent.

We review a district court's determination that a defendant is incompetent to stand trial for clear error. United States v. Izquierdo, 448 F.3d 1269, 1276 (11th Cir. 2006). A factual finding is clearly erroneous only when the reviewing court is left with a definite and firm conviction that a mistake has been committed. United States v. Roy, 869 F.2d 1427, 1429 (11th Cir. 1989).

The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent. United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005). "For a defendant to be competent to stand trial, he must have 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and] ha[ve] a rational as well as factual

understanding of the proceedings against him." Id. (citation omitted). "Whether the defendant is competent is an ongoing inquiry" as he must be competent at all stages of trial, including sentencing. Id. A district court shall commit a defendant to the custody of the Attorney General if, after a hearing, the court finds by a preponderance of the evidence that the defendant is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). The government bears the burden of proving a defendant competent. See United States v. Makris, 535 F.2d 899, 906 (5th Cir. 1976).

Here, the evidence before the district court supported a finding that Crawford did not have a sufficient ability to consult with her lawyer "with a reasonable degree of rational understanding . . . [and] ha[ve] a rational as well as factual understanding of the proceedings against [her]." See Rahim, 431 F.3d at 759. Therefore, the district court's incompetency finding was not clearly erroneous.

AFFIRMED.