[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15176
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00059-CR-5-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGER V. EVANS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 3, 2009)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Roger V. Evans, a Florida state prisoner, pled guilty to threatening use of a

weapon of mass destruction, 18 U.S.C. § 2332a(a)(3); mailing a threatening communication, 18 U.S.C. § 876(c); and assaulting a federal officer, 18 U.S.C. § 111(a). In Evans' first appeal, we affirmed his convictions, but vacated his sentence in part. *United States v. Evans*, 478 F.3d 1332, 1335–36 (11th Cir. 2007).

On remand, Evans was initially found incompetent to be sentenced. Based on an expert report, however, he was later found competent. At resentencing, he received concurrent terms of 75 months' imprisonment, to be served consecutive to his current Florida state prison term.

In this appeal, Evans argues that the district court clearly erred by finding him competent to be resentenced. Appellate review is not available, however, if a defendant waives an error. *See United States v. Olano*, 507 U.S. 725, 733, 113 S. Ct. 1770, 1777 (1993); *see also United States v. Horsfall*, 552 F.3d 1275, 1283–84 (11th Cir. 2008) (per curiam), *cert. denied*, ___ S. Ct. ___, 2009 WL 789438 (2009) (U.S. Apr. 20, 2009) (No. 08-9396) (concluding that appellate review was unavailable because the defendant waived any challenge to an upward departure by affirmatively withdrawing his prior objection to the departure).

Here, the district court allowed defense counsel to comment on the expert report. But counsel affirmatively declined to dispute Evans' competency. Evans did not want counsel to raise the issue, and Evans considered himself competent.

Evans was also given an opportunity to speak at resentencing. He did not dispute his competency or counsel's waiver of the issue, and the court found him competent. Consequently, Evans waived appellate review of the district court's competency finding.

Even assuming *arguendo* that Evans did not waive appellate review, the district court did not clearly err by finding him competent to be resentenced. A defendant's competency "is an ongoing inquiry; the defendant must be competent at all stages of trial," including sentencing. *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005) (per curiam). "For a defendant to be competent . . . , he must have 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and] ha[ve] a rational as well as factual understanding of the proceedings against him.'" *Id.* A defendant's competency is determined by a preponderance of the evidence. 18 U.S.C. § 4241(d), (e).

Although Evans' competency was apparently a close issue, the expert concluded that Evans would be competent if he himself did not speak at his sentencing. The expert was concerned that if Evans allocuted, Evans would reveal his delusional beliefs. Evans, in fact, did not allocute at resentencing. He also, according to defense counsel, understood the proceedings, why he was there, and the history of his case.

3

Moreover, the expert report itself supported the district court's finding of competency. Although it suggested that Evans believed, based on his paranoia and delusional beliefs, that he would be less likely than others to be treated fairly by the judicial system, it indicated that he understood the nature and potential consequences of the proceedings against him and the roles of the various individuals in the courtroom. A competency test also showed that Evans had little or no impairment in his understanding of legal proceedings and reasoning. Thus, a preponderance of the available evidence supports the district court's finding that Evans was competent to be resentenced.

After carefully reviewing the record and studying the parties' briefs, we discern no reversible error. We conclude that even if Evans had preserved appellate review of the district court's finding, its finding of competency is not clearly erroneous. Accordingly, we affirm Evans' 75-month total sentence.

**AFFIRMED.**