[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 28, 2010
JOHN LEY
CLERK

No. 07-13218
Non-Argument Calendar

_____

D. C. Docket No. 05-00108-CR-C-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE HOEY MORRIS,
a.k.a. Johnny Ray Fortune,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(July 28, 2010)

Before EDMONDSON, CARNES and FAY, Circuit Judges.

PER CURIAM:

George Hoey Morris appeals his convictions and 75-year total sentence for (1) four counts related to criminal sexual activity with a minor; (2) immigration fraud; and (3) firearm possession by a convicted felon. No reversible error has been shown; we affirm.

On appeal, Morris challenges his felon-in-possession conviction, arguing that, because his civil rights automatically were restored when he completed his sentence: he says his 1980 Colorado drug conviction was not a qualifying conviction for purposes of 18 U.S.C. § 922(g)(1). Morris did not object on this basis in the district court; so we review his present claim only for plain error. United States v. Lewis, 492 F.3d 1219, 1222 (11th Cir. 2007). To show plain error, Morris must establish (1) error; (2) that was plain; (3) that affected his substantial rights; and (4) seriously affected the fairness, integrity, or public reputation of the judicial proceeding. Id.

A conviction does not count for section 922(g)(1) purposes if the defendant has had his civil rights restored, unless the restoration expressly restricts the defendant's firearm rights. 18 U.S.C. § 921(a)(20). Colorado, by operation of law, automatically restores a felon's civil rights once he has completed his sentence. See Colo. Const. art. VII, § 10. When Morris completed his sentence for the drug conviction in 1981, Colorado imposed no restrictions on his right to possess

2

firearms. But in 1994, before the instant felon-in-possession charge, Colorado amended its laws and made it a crime for any convicted felon to possess a firearm. Colo.Rev.Stat. § 18-12-108(1).

Neither this Court nor the Supreme Court has addressed whether section 921(a)(20) requires a court to apply the state law that was in effect when a defendant had his rights purportedly restored or whether that section requires a court to apply the amended law which was in effect when the defendant was arrested. So, any error in the district court's failure to sua sponte dismiss the section 922(g)(1) charge was not "plain" under current law. United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003) (no plain error exists where there is no precedent from the Supreme Court or this Court directly resolving an issue).

In addition, that neither Morris nor the government raised the issue of the applicability of the section 922(g)(1) exception is undisputed. And it was Morris's burden to do so: the government was not required to prove the inapplicability of the section 921(a)(20) exceptions. United States v. Jackson, 57 F.3d 1012, 1016 (11th Cir. 1995) (explaining that "the defendant, and not the government, bears the burden -- at least the burden of going forward with evidence -- concerning the expungement exception"). Thus, given Morris's burden of coming forward with

3

evidence about the applicability of the exception and his failure to do so, he cannot show how any error affected his substantial rights.

Along with the single, previously discussed issue raised by Morris's appellate counsel, Morris also raises additional arguments about his convictions and sentences in a separate, pro se brief. While we briefly address these additional arguments, we stress that a defendant is unentitled to hybrid representation. See Cross v. United States, 893 F.2d 1287, 1291-92 (11th Cir. 1990) (in the context of a defendant seeking to serve as co-counsel at trial); United States v. LaChance, 817 F.2d 1491, 1498 (11th Cir. 1987) (explaining that a court has discretion whether to permit a defendant to proceed in a hybrid fashion).[1]

Morris argues that the district court should have conducted a sua sponte competency hearing because his diagnosis of post-traumatic stress syndrome indicated competency concerns. A district court must conduct a competency hearing when there is a bona fide doubt about the defendant's competence. United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005). No such bona fide doubt arose here. Throughout the district court proceedings, Morris consulted with his lawyers about his defense, testified in his own defense, and exhibited no irrational

---

[1]We note that Morris's appellate counsel included Morris's pro se brief in the counseled brief and that the government responded to each of Morris's pro se arguments.

behavior. In addition, and as Morris concedes, no medical opinion was submitted to the court reflecting the extent of Morris's mental issues. Thus, nothing indicated that Morris did not have the "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" or that he did not have a "rational as well as factual understanding of the proceedings against him." See United States v. Dusky, 80 S.Ct. 788, 789 (1960).[2]

Morris argues that the district court erroneously admitted a book entitled "virginbride.net" because it was cumulative of other evidence presented and was unduly prejudicial. We conclude that the court abused no discretion in admitting it. Here, the book, which was written by Morris, discussed how to apply for fiancee visa petitions and listed countries where a person could go to have sex "legally" with minors. In the book, Morris also described that he had sex, on at least three occasions, with minor females and had married some minor females. The book was highly relevant to the crimes charged: the events described in the book were identical to the criminal sexual activity with which Morris was charged.

---

[2]To the extent that Morris raises a substantive competency claim (i.e., that he was tried and convicted while he was, in fact, incompetent), we decline to address it because the record is not sufficiently developed. See Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005) (explaining that substantive competency claims are not subject to the same procedural default rules as procedural competency claims); see also United States v. Merrill, 513 F.3d 1293, 1308 (11th Cir. 2008) (declining to address ineffective-assistance-of-counsel claim on direct appeal because record not sufficiently developed).

While Morris contends that the book was prejudicial because it provided the impression that he was involved with child pornography, the court specifically instructed the jury that Morris was not charged with child pornography. See Fed.R.Evid. 403; United States v. Edouard, 485 F.3d 1324, 1346 (11th Cir. 2007) (prejudice may be mitigated by a limiting instruction to the jury).

Morris challenges the district court's jury instructions on the 18 U.S.C. § 2421 charge (transportation for criminal sexual activity). The court instructed the jury on Vietnamese marriage law as it existed in 1999 (when Morris allegedly married the underage victim). Morris's challenge is unavailing based on the doctrine of invited error. When the court reviewed the proposed jury charges, Morris expressly stated that he had no objection to the jury instruction that covered Vietnamese law. See United States v. Silvestri, 409 F.3d 1311, 1337 (11th Cir. 2005) (defendant's response that the jury instruction "covered all the bases" was affirmative invitation to any error and it is well established "that to invite error is to preclude review of that error on appeal").

And about Morris's sentence, we reject his argument that the court committed error under Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), although the offense level enhancements applied against him were not proven to a jury beyond a reasonable doubt and although his 75-year sentence was 5 times greater

6

than the highest statutory maximum of any single count. A district court may apply extra-verdict enhancements based on facts it finds by a preponderance of the evidence as long as it applies the sentencing guidelines -- as it did here -- in an advisory way. United States v. Chau, 426 F.3d 1318, 1324 (11th Cir. 2005). And Morris's sentences were not above the statutory maximums per count. See Apprendi, 120 S.Ct. at 2362-63 (requiring only facts which increase the penalty for a crime beyond the statutory maximum to be proven beyond a reasonable doubt).

AFFIRMED.