[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12611

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JARVIS WAYNE MADISON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:17-cr-00015-RBD-LRH-1

_____

Before WILSON, JORDAN, and BLACK, Circuit Judges.

PER CURIAM:

Jarvis Madison, a federal prisoner counseled on appeal, appeals the district court's finding he was competent to stand trial before he pleaded guilty to interstate stalking, in violation of 18 U.S.C. §§ 2261a and 2261(b). Madison contends the district court erred when it limited its competency analysis to whether he could consult with his attorneys without considering whether he could rationally or relevantly testify, and that his inability to testify coherently and intelligently adversely impacted his ability to assist in his defense.

The Government responds by moving for summary affirmance of the district court's order and to stay the briefing schedule, asserting Madison abandoned any challenge to the district court's acceptance of his guilty plea, so summary affirmance is warranted. It further contends because Madison does not argue on appeal that the district court erred in determining he was competent to plead guilty at the time he entered his guilty plea, it is irrelevant whether he was incompetent at some time before he pleaded guilty.

The Due Process Clause of the Fifth Amendment prohibits the Government from trying an incompetent defendant. U.S. Const. amend. V; *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005). For a defendant to be competent to stand trial, he must have sufficient present ability to consult with his lawyer with a

reasonable degree of rational understanding and have a rational and factual understanding of the proceedings against him. *Dusky v. United States*, 362 U.S. 402, 402 (1960). The defendant's competency is an ongoing inquiry, and he must be competent at all stages of the trial. *Rahim*, 431 F.3d at 759. A district court must conduct a competency hearing when there is a *bona fide* doubt regarding the defendant's competency. *Id.* The same competency standard applies to a defendant who wishes to plead guilty rather than stand trial. *United States v. Rodriguez.*, 751 F.3d 1244, 1252 (11th Cir. 2014).

The district court's competency determination is primarily factual in nature. *United States v. Izquierdo*, 448 F.3d 1269, 1278 (11th Cir. 2006). In *Izquierdo*, the record contained expert opinions that differed in their conclusions about the defendant's competence. *Id.* We rejected the defendant's argument the district court erred when it found him competent because there were two permissible views of the evidence. *Id.* at 1279.

Summary affirmance is appropriate because Madison abandoned the issue of whether he was competent to enter his change of plea and plead guilty, as he does not challenge his conviction on appeal based on that ground. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n. 8 (11th Cir. 2003) (stating an issue on appeal must be plainly and prominently raised in the party's brief, and the brief must devote a discrete, substantial portion of their argument to that issue, or the issue will be deemed abandoned). But, even if Madison did not abandon his right to challenge his guilty plea, the

Government's position is still correct as a matter of law and summary affirmance is warranted. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[1] (explaining summary disposition is appropriate where the position of one of the parties is clearly right as a matter of law so there can be no substantial question as to the outcome of the case).

First, clear error review applies to the district court's decision Madison was competent to stand trial and competent to enter his guilty plea. *See Izquierdo*, 448 F.3d at 1276 (reviewing a district court's decision on a defendant's competency to stand trial for clear error). The magistrate judge conducted an extensive three-day competency hearing where eight expert witnesses testified regarding Madison's competency. Although Madison's and the Government's expert witnesses came to different conclusions about his competency, the district court cannot clearly err when deciding between two permissible views of the evidence. *See id.* at 1278. Likewise, the magistrate judge thoroughly explained in her report and recommendation (R&R) why she afforded more weight to the Government's expert witnesses' opinions over Madison's expert witnesses, due in part to the frequency and recency of the Government's witnesses' evaluations of Madison. Additionally, the magistrate judge noted she observed Madison's behavior and reactions

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

at his competency hearings.  She found he was able to communicate with his attorneys and he responded competently and appropriately to her questions.  The district court reviewed the record *de novo*, considered the R&R, and concluded Madison was restored to competency and was competent to stand trial.  Accordingly, the district court did not clearly err when it found that Madison was competent to stand trial.

Second, after the district court found Madison competent to stand trial, he entered into a plea agreement with the Government.  Plain error review applies because Madison did not raise the issue of his competency at his change of plea hearing.  *See Rodriguez*, 751 F.3d at 1251 (stating we review for plain error when a defendant fails to object to the district court's determination that he is competent to plead guilty).  Because a defendant's competency is an ongoing inquiry, and because the district court did not clearly err when it found Madison was competent to stand trial, it did not plainly err when it again inquired into his competency when he changed his plea.  At Madison's change of plea hearing, the district court asked his counsel whether they were concerned about his competency, and counsel stated that Madison was competent and stated they did not wish to further pursue his competency.

Also, Madison testified under oath he was voluntarily and freely entering the change of plea, he had full knowledge of the consequences, and there was a factual basis upon which the district court could accept the plea.  Similarly, the district court noted Madison was alert and intelligent, understood the nature of the charges

against him and the possible penalties, the consequences of pleading guilty, that his plea was free, knowing, voluntary, and intelligently made, he understood the court's questions and appropriately answered them, he did not exhibit any irrational behavior, and comported himself straightforwardly and professionally. Because the district court did not err when it accepted Madison's guilty plea and found him competent at the change of plea hearing, he cannot establish plain error and the Government's position is clearly correct as a matter of law.

Thus, the Government's position is clearly correct as a matter of law, no substantial question remains as to the outcome of the case, and summary affirmance is appropriate. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Therefore, we GRANT the Government's motion for summary affirmance and DENY as moot its motion to stay the briefing schedule.