**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-11055
Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

XIAOQIN YAN,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:21-cr-00454-ECM-SMD-1

————————————————

Before JORDAN, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

Xiaoqin Yan was charged with arson and possession of a firearm by an illegal alien. Prior to trial, the District Court ruled that Yan was competent to stand trial. The Court maintained that position throughout the trial over the objections of defense counsel. The jury found Yan guilty on both counts, and the Court imposed a sentence of 102 months' imprisonment—an upward variance from the Guidelines range of 60 to 71 months. Yan now appeals the District Court's determination of Yan's competency to stand trial and its imposition of the upward variance. We affirm.

## I. Background

On September 30, 2021, around 2 o'clock in the morning, Yan went to the First Baptist Church of Montgomery and, using accelerants, set fire to the structure. The investigation by the Bureau of Alcohol, Tobacco, Firearms and Explosives led to the issuance of a warrant for Yan's arrest. When the U.S. Marshals Service Gulf Coast Regional Fugitive Task Force executed the warrant at Yan's apartment, they found a pistol.

After her arrest and indictment on one count of arson and one count of possession of a firearm by an illegal alien, Yan pleaded not guilty. Based on Yan's erratic and disruptive behavior during her arraignment, the Government moved, pursuant to 18 U.S.C. §§ 4241(a) and 4247, for a mental health evaluation to determine

Yan's competency to stand trial.[1] The magistrate judge granted the Government's unopposed motion and committed Yan for evaluation. Shortly thereafter, Yan filed a notice of her intent to assert an insanity defense. The Government moved again for a mental health evaluation, this time pursuant to 18 U.S.C. § 4242.[2] The magistrate judge granted the Government's motion and ordered the evaluation.

In the resulting report, forensic psychologist Dr. Amor Correa concluded that, at the time of her evaluation, Yan was competent to stand trial because she was "not suffering from a mental disease or defect which would render her unable to understand the nature and consequences of the proceedings against her [or] to assist properly in her own defense." Dr. Correa's report gave Yan the clinical classification of "Malingering" or "intentional production of false or grossly exaggerated symptoms, motivated by external incentive and not attributable to a mental disorder."

After receiving Dr. Correa's report, neither party requested a competency hearing. The Court credited Dr. Correa's

---

[1] Section 4241(a) allows either party at any time after the commencement of the prosecution to move for a hearing to determine the mental competency of the defendant. Under § 4241(b) and (c), the court may order psychiatric or psychological examination of the defendant followed by a hearing pursuant to § 4247.

[2] Section 4242 allows the Government to move for a psychiatric or psychological examination of the defendant in response to the defendant's notice of intent to rely on the insanity defense.

conclusions and found Yan competent to stand trial without ordering a hearing because it had "no bona fide doubt" as to her competency.

During the trial, Yan exhibited outbursts of erratic behavior including speaking out of turn, standing and yelling, crying, and singing. The District Court eventually removed Yan from the courtroom to watch the proceedings remotely until Yan demonstrated that she would not disrupt the proceedings, at which time she was allowed to return to the courtroom. This pattern of disruption, removal, and return recurred several times. Throughout this process, Yan's counsel repeatedly argued that Yan's behavior demonstrated a need for the Court to re-evaluate Yan's competency, but the Court declined to order a new evaluation or a hearing.

On June 7, 2023, the jury found Yan guilty on all counts. The Presentence Investigation Report ("PSI") calculated an offense level of 25, a criminal history category of I, and a Guidelines range of 60 to 71 months' imprisonment.[3] Prior to sentencing, Yan's counsel filed an ex parte motion for a psychological evaluation of Yan by Dr. Ginny Chan to aid in preparation for sentencing. The Court granted the motion for an evaluation by Dr. Chan.

---

[3] The Guidelines range is 57 to 71 months, but the statutorily authorized minimum sentence is greater than the minimum of the Guidelines range. This brings the Guidelines range to 60 to 71 months.

Dr. Chan examined Yan and concluded that Yan's "difficulties with her mental health functioning include . . . Bipolar Disorder that appears to be in remission at the time of the interview . . . and Posttraumatic Stress Disorder which remains untreated at [the time of the report]." Dr. Chan, who had also interacted with Yan in 2021 and 2022, noted that Yan had reported "some exaggerated and likely faked symptoms" in the past. But Dr. Chan concluded that "during [her] current evaluation with Ms. Yan, . . . [Yan] did not report unusual or bizarre symptoms and she did not over-endorse or over-report symptoms."

Yan requested the statutory minimum sentence based on Yan's "diminished capacity" at the time of the crime and her "serious mental illness" at the time of sentencing, citing Dr. Chan's report. The Government moved for an upward departure from the Guidelines under § 5K2.5 and § 5K2.14 based on property damage and significant endangerment of the safety of others and asked for a 175-month sentence. The District Court construed the Government's motion for an upward departure to include an alternative motion for an upward variance. The Court then denied the motion for an upward departure and granted the motion for an upward variance, imposing a sentence of 102 months' imprisonment. Yan objected to the sentence and judgment on two grounds. First, she argued that the Court erred by granting an upward variance when the Government had only requested an upward departure. Second, Yan argued that her sentence was unreasonable considering her mental health. The Court overruled those objections.

Yan timely appeals and makes two arguments. First, she argues that "the district court erred by finding [Yan] competent during the trial and den[ying] the motion to stay the trial pending mental evaluation of the defendant due to the erratic behavior exhibited during trial." Second, Yan argues that her sentence is "substantively unreasonable because it is greater than necessary to achieve the sentencing purposes identified in 18 U.S.C. § 3553(a)." We address each issue in turn.

## II. Competence to Stand Trial

"We review a district court's finding on a defendant's competency to stand trial for clear error." *United States v. Bradley*, 644 F.3d 1213, 1267 (11th Cir. 2011). In this inquiry, we give deference to the trial court's determination. *Id.*

The test for competence to stand trial is whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402, 80 S. Ct. 788, 789 (1960). Competency is "an ongoing inquiry," and "the defendant must be competent at all stages of trial." *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005). Thus, the district court "must conduct a competency hearing when there is a 'bona fide doubt' regarding the defendant's competence." *Id.* (quoting *Pate v. Robinson*, 383 U.S. 375, 385, 86 S. Ct. 836, 842 (1966)).

Here, Yan argues that the District Court erred in finding Yan competent to stand trial and denying Yan's motion to stay the trial

pending a mental evaluation in light of her "erratic behavior" during trial. In attacking the District Court's decision, Yan frames the error as the District Court's unwillingness to continuously re-evaluate Yan's mental state throughout the trial, which the District Court is required to do. She claims that the trial court repeatedly stated that it had previously found Yan competent to stand trial and implies that the District Court refused to reassess Yan's competency throughout the trial.

We disagree because Yan's argument misrepresents the record. Specifically, Yan cites the Court's statement that it "had previously found Ms. Yan to be competent to stand trial," as evidence that the District Court failed to continuously evaluate Yan's mental state throughout the trial. But Yan's citation to the record is stripped of its context. Beginning at the next sentence of the hearing transcript, the Court states:

> [Yan] has . . . been able to communicate with [her lawyer] throughout the trial. She has asked to see exhibits. She has been communicative regarding testimony that's being given. She has demonstrated an ability to participate in the proceedings, but through her behavior has chosen not to. And because of that, I am not revisiting the competency issue. I believe she has demonstrated that she is able to participate and aid in her defense. She is just behaving in such a way that has made that difficult for her. So I'm not revisiting the competency issue.

The District Court did not, as Yan implies, rule that its pre-trial findings "prohibit inquiry during trial or even at sentencing." Instead, it continuously found no basis to revisit its previous holding that Yan was competent. The fact that the District Court did not find Yan's claims of incompetency credible does not mean that the Court did not consider those claims—indeed, it proves the opposite.

Furthermore, the District Court did not err by refusing to grant Yan's motion for a mid-trial mental health evaluation. The District Court is empowered to conduct its competency evaluations without ordering a clinical evaluation or holding a hearing so long as it has no "'bona fide doubt' as to the competence of the defendant." *United States v. Nickels*, 324 F.3d 1250, 1251–52 (11th Cir. 2003) (quoting *United States v. Cruz*, 805 F.2d 1464, 1479 (11th Cir. 1986)). Here, the District Court credited the pre-trial competency evaluation and determined that Yan's outbursts were the product of malingering rather than mental incompetency. *See United States v. Dixon*, 901 F.3d 1322, 1342 (11th Cir. 2018) ("We have explained that evidence that a defendant's 'behavior was the product of a competent, calculating mind' is grounds to deny a competency hearing." (quoting *United States v. Perkins*, 787 F.3d 1329, 1340 (11th Cir. 2015))). The District Court is in the best position to make that determination. We find no error in the District Court's exercise of its discretion in this case.

### III. Substantively Unreasonable Sentence

Yan also challenges the substantive reasonableness of her sentence. We begin with a word about the structure of the Sentencing Guidelines and 18 U.S.C. § 3553(a). We then describe the appellate court's task in reviewing the district court's sentence before addressing Yan's arguments.

### A. The District Court's Task

In the wake of *United States v. Booker*, the Sentencing Guidelines are an *advisory* framework used to standardize the District Court's imposition of criminal sentences. 543 U.S. 220, 245, 125 S. Ct. 738, 757 (2005). Under the current scheme, criminal sentencing is a three-step process.

At step one, the sentencing court calculates the Guidelines range according to the instructions provided in U.S.S.G. § 1B1.1(a). *See Gall v. United States*, 552 U.S. 38, 49, 128 S. Ct. 586, 596 (2007). While no longer mandatory, the Guidelines are the "starting point and initial benchmark" for sentencing. *Id.*

But "the application of the guidelines is not complete until departures, if any, that are warranted are appropriately considered." *United States v. Jordi*, 418 F.3d 1212, 1215 (11th Cir. 2005). So, at step two, the court may depart from the Guidelines pursuant to § 3553(b)(1).[4] Such departures are designed to account for the

---

[4] 18 U.S.C. § 3553(b) states:

> [T]he court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds

nature and circumstances of the specific offense, which the Sentencing Commission either did not consider or did not adequately address in the Guidelines. Departures, therefore, operate within the Guidelines framework by recalibrating the range to account for unanticipated or inadequately captured considerations.

At step three, after it determines the proper Guidelines range, the court may impose a variance based on the § 3553(a) factors.[5] Unlike departures, variances are not grounded in the

---

that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission. In the absence of an applicable sentencing guideline, the court shall impose an appropriate sentence, having due regard for the purposes set forth in subsection (a)(2).

[5] Section 3553(a) provides, in relevant part:

(a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal

Guidelines and are used when the sentencing court concludes that the Guidelines sentence does not adequately further the four purposes for sentencing which Congress instructed the Sentencing Commission to consider. 28 U.S.C. § 994(a)(2). Thus, the factors enumerated at § 3553(a)(2) are the heartland of the district court's discretion in imposing criminal sentences.

### B. Appellate Review of Sentencing

When a defendant challenges the substantive reasonableness of their sentence on appeal, we review the reasonableness of the sentence under an abuse-of-discretion standard. *Id.* The district court abuses its discretion when it: "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rodriguez*, 34 F.4th 961, 969 (11th Cir. 2022).

When conducting our substantive review, "[w]e consider the totality of the circumstances and evaluate whether the sentence achieves the sentencing purposes stated in § 3553(a)." *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). We will only vacate a sentence if, after our analysis, "we are left with a definite and firm

---

conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a).

conviction that the district court committed a clear error of judgment." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (quoting *United States v. Pugh*, 515 F.3d, 1179, 1191 (11th Cir. 2008) (internal quotation marks omitted)).

### C.  Yan's Sentence

Yan makes two arguments to dispute the substantive reasonableness of her sentence. First, she argues that the District Court erred in weighing the § 3553(a) factors. She asserts that her sentence is unreasonable because, "in explaining the sentence, the district court relied exclusively" on § 3553(a)(1). "In doing so," Yan argues, "the court did not provide meaningful consideration to even a single one of the remaining § 3553(a) factors," including the purposes listed in § 3553(a)(2). Furthermore, she contends that while the District Court considered the harm caused by the fire, it "provided no consideration to" Yan's mental illness diagnosis or her traumatic history as a victim of sexual assault.

This argument fails because the District Court has substantial discretion in assigning weight to the § 3553(a)(2) factors, and Yan's brief misrepresents how the District Court weighed the factors in this case. Yan is correct that "[a] sentence may be unreasonable if it is grounded solely on one factor, relies on impermissible factors, or ignores relevant factors." *Pugh*, 515 F.3d at 1194. But, in evaluating all the factors, a district court "may give greater weight to some factors over others or even attach great weight to a single factor—a decision that is within its sound discretion." *United States v. Grushko*, 50 F.4th 1, 19 (11th Cir. 2022). A district court is not

required to mechanically recite each § 3553(a) factor on the record. Rather, "[i]t is sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account." *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009).

Yan quotes from the sentencing hearing transcript to support her claim that the District Court considered one factor at the exclusion of others. But Yan's representation of the record is incomplete. A full reading of the transcript reveals that the District Court begins with an explicit reference to § 3553(a). After announcing Yan's sentence, the District Court states:

> I further find this sentence is reasonable when considering the following sentencing factors found at 18 U.S.C. Section 3553(a): The nature and circumstances of the offense, your history and characteristics, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes, and to avoid unwarranted sentencing disparities among defendants.

The Court then focuses on the sentencing purposes found in § 3553(a)(2): the need for the sentence to provide just punishment, promote respect for the law and reflect the seriousness of the offense and the need to afford adequate deterrence to criminal

conduct. Finally, the Court turns to a general discussion of the nature and circumstances of the crime, per § 3553(a)(1).

Yan also argues that "the need to afford [Yan] with needed mental health treatment . . . was a relevant factor overlooked or unfairly minimized by the District Court." Wrong again. The transcript reveals that the District Court weighed Yan's mental health claims and did not find them credible. Still, the Court recommended that Yan be "designated to a facility where mental health treatment" is available to her.

Thus, the record shows that the District Court considered the proper § 3553(a)(2) factors and gave fair consideration to Yan's mental health claims. Yan's argument that the Court erred in its consideration of the sentencing factors fails.

Yan's second argument as to reasonableness is that her requested 60-month sentence "would have been sufficient" to achieve the factors the Court discussed. Whether an alternative sentence would be reasonable is irrelevant to our review. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."). The possibility that another sentence may have been reasonable does not render the sentence imposed by the District Court unreasonable.

Since we are left with no definite and firm conviction that the District Court committed a clear error in judgment in weighing the sentencing factors, we decline to vacate the sentence on the grounds that it is unreasonable.

24-11055                Opinion of the Court                15

## IV. Conclusion

For the foregoing reasons we affirm.

**AFFIRMED.**